(No. 35781.—

THE PEOPLE *ex rel.* Benjamin S. Adamowski, State's Attorney, Appellant, *vs.* R. GERALD TRAMPE, County Judge, *et al.,* Appellees.

*Opinion filed September 29, 1960.*

Benjamin S. Adamowski, State's Attorney, of Chicago, (Francis X. Riley, Assistant State's Attorney, of counsel,) for appellant.

Thomas M. Thomas, and Thomas F. Scully, both of Chicago, for appellees.

Mr. Justice House delivered the opinion of the court:

The question presented by this appeal is whether a judge, who has been designated and called to fill a vacancy, has the authority to appoint interchange judges.

The office of county judge of Cook County was vacated by the resignation of the county judge when there was more than one year left in his term of office. Pursuant to statute, (Ill. Rev. Stat. 1959, chap. 37, par. 338a,) the county clerk designated and called Judge Karns, judge of the city court of East St. Louis, to be the acting county judge of Cook County. Judge Karns then appointed Judge Trampe, county judge of Pope County, Judge Scholz, county judge of Adams County, Judge O'Malley, city judge of Aurora, Judge Moran, probate judge of Lake County, and Judge Millet, county judge of DeKalb County, as acting county judges of Cook County. The plaintiff, as State's Attorney of Cook County, filed a petition for *mandamus* in the superior court of Cook County seeking to enjoin these interchange judges appointed by Judge Karns from sitting as

acting county judges of Cook County and from receiving compensation from Cook County, and seeking further to order the county clerk to designate and call interchange judges to act as county judges of Cook County. A motion for a temporary injunction was also filed by the plaintiff and the defendants filed a motion to dismiss the petition. After a hearing on both motions, the court denied the injunction and dismissed the suit. This appeal followed.

The authority Judge Karns has as acting county judge of Cook County stems from section 6a of "An Act in relation to courts of record in cities, villages and incorporated towns," (Ill. Rev. Stat. 1959, chap. 37, par. 338a,) pursuant to which he was designated and called. The pertinent part of this section provides: "In the case of death, resignation or disability of the judge of a city, village, town, county, or probate court of any county, the clerk of such court may designate and call any city, village or town court judge to hold such court; and such city, village or town court judge, when so designated and called, may hold such city, village, town, county or probate court and perform all the duties of the judge thereof, until the appointment or election of his successor, or until the disability to act ceases." One of the duties of the duly elected and qualified county judge of Cook County is to appoint interchange judges. Thus, since section 6a gives to the "designated and called" judge power to "perform all the duties" of the duly elected and qualified judge, it would appear that Judge Karns had the authority to appoint the above named interchange judges.

It has been pointed out that this court placed an apparently contrary construction upon section 1 of "An Act to authorize county and probate judges to perform the duties of the office of one another in certain cases," (Ill. Rev. Stat. 1959, chap. 37, par. 325,) in *People ex rel. Gregg* v. *Tauchen,* 415 Ill. 91. The plaintiff, therefore, instituted this action to clarify language used in the *Tauchen*

*case*. The statute under consideration in that case provides: "That in case of the death, resignation or inability of the judge of a county or probate court, of any county, the clerk of such court shall designate and call any county or probate judge to hold such county or probate court; and such county or probate judge, when so designated and called, may hold such county or probate court and perform all the duties of the judge thereof until the appointment or election of his successor, or until the disability to act ceases." Ill. Rev. Stat. 1959, chap. 37, par. 325.

In that case Judge Waugh, the probate judge of Cook County, died when there was more than one year left in his term of office. At this time, Judge Gregg, county judge of Marshall County, was sitting and holding court at the request of Judge Waugh pursuant to the statutes providing for the interchange of county and probate judges. (chap. 37, pars. 297-298.) Judge Gregg continued to serve as a judge in that court for several days at the verbal request of the clerk of the court. The clerk then notified Judge Gregg that his services as acting judge were no longer required and that he, as clerk, had designated and called the county judge of Perry County to act as judge of the probate court and the county judge of Du Page County to act as an alternate judge of the court. After the clerk refused to recognize him as judge of the probate court, Judge Gregg filed an original petition for *mandamus* in this court asserting that the clerk had designated and called him and that he therefore became vested with the title and right to the office of judge of the probate court of Cook County.

This court held that Judge Gregg was not entitled to sit as acting probate judge of Cook County under section 1 (chap. 37, par. 325,) because the clerk had not designated and called him as contemplated in that act. The court went on to point out that even if the clerk had designated and called Judge Gregg, that he would not succeed to the title,

right or compensation of the office of judge of the probate court of Cook County. The court then went still further and stated that the clerk not only had the power under section I (chap. 37, par. 325) to call a judge to fill the vacancy caused by the death, resignation or inability of the duly elected and qualified judge, but also under said section "succeeds to the powers of the incumbent to call such judge or judges as may be necessary to properly meet the demands of the public upon such court on a temporary basis." 415 Ill. 91, 103.

This statement that the clerk succeeds to the power of the incumbent judge under the interchange statute was unnecessary in the *Tauchen case*. With that issue now squarely before us, we are of the opinion that the only power given to the clerk under the vacancy statute is the power to designate and call a judge when the duly elected and qualified judge dies, resigns or becomes disabled. Once the clerk has designated and called a judge to fill the vacancy, the judge so designated and called has the power under the vacancy statute to perform all the duties of the judge of that court which includes the powers given in the interchange statute.

The judgment of the superior court of Cook County is affirmed.

*Judgment affirmed.*