(No. 37061.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK BROKOWSKI *et al.,* Plaintiffs in Error.

*Opinion filed September 28, 1962.*

JOSEPH I. BULGER and G. J. DEVANNA, both of Chicago, for plaintiffs in error.

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The State's Attorney of Du Page County filed an information charging defendants with operating upon the highways a semi-trailer motor vehicle 10,720 pounds in excess of the statutory weight limits. Defendants were tried by the court without a jury. They were found guilty and fined $1072. Although the offense is a misdemeanor, they properly brought the case directly to this court for review on the ground that constitutional questions were involved.

Defendants have challenged the validity of sections 132 and 132.01 of "An Act in relation to the regulation of traffic" (Ill. Rev. Stat. 1959, chap. 95½, par. 229, 229a) on several grounds. Since the filing of briefs in this case, the constitutional questions raised by defendants have been resolved adversely to them by our decision in *People* v.

*Munziato,* 24 Ill.2d 432. Since the jurisdiction of this court was properly invoked, we have decided to retain jurisdiction of the cause for the disposition of the remaining questions, despite the fact that the constitutional questions have now been settled (see *City of Chicago Heights* v. *Public Service Company of Northern Illinois,* 408 Ill. 310, 317-318; *Von Boeckmann* v. *Corn Products Refining Company,* 274 Ill. 605, 608-609,) even though we might properly have transferred the cause to the Appellate Court. *Community Unit School District No. 6* v. *County Board of School Trustes of Sangamon County,* 6 Ill.2d 320.

The alleged offense occurred on the Illinois tollway, and one of defendants' contentions is that a tollway is not a highway within the meaning of the applicable provisions of "An Act in relation to the regulation of traffic." Like defendants' constitutional contentions, this precise argument was made and was rejected by us in *People* v. *Munziato,* 24 Ill.2d 432, and we adhere to the views announced therein.

Defendants point to several alleged procedural irregularities which they assert require a reversal of the judgment below. The first of these is the failure of the record to show any arraignment, plea, or jury waiver. In their argument, however, defendants do not deal with the effect of the failure of the record to show a jury waiver, and, therefore, this point has been waived, except insofar as it is inseparable with the failure to show a plea. Defendants, citing *People* v. *Bain,* 358 Ill. 177, and *People* v. *Goff,* 211 Ill. App. 122, contend that the trial court committed error in proceeding to trial without the entry of any pleas by the defendants. Surprisingly, neither party has cited our more recent decision in *People* v. *Hill,* 17 Ill.2d 112, which resolves the question contrary to defendants' contention. In that case, we reviewed and overruled earlier decisions expressing the view that a criminal conviction is a nullity unless the record shows the entry of a plea by the defendant, and concluded that the rule expressed in those decisions "is

out of keeping with the spirit that has substituted, in criminal procedure as well as in civil, an interest in the significant rights of the litigants for a ritualistic concern with empty formalities." Under such circumstances, we conclude that we should "look to the record to determine whether or not the omission of a formal plea adversely affected the rights of the defendant." 17 Ill.2d 112, 119.

From an examination of the record in this case, it is clear that the rights of the defendants were in no way adversely affected by any failure to observe technical niceties. The defendants were represented by counsel and proceeded to trial without objection. The only reasonable inference from the record is that the case was tried upon the assumption that the defendants had pleaded not guilty and had waived their right to a jury trial. As in the *Hill* case, we fail to see how the defendants' situation would have been altered in any respect if a formal plea of not guilty had been entered. Under the circumstances, the failure of the record to show a formal plea and waiver of jury does not require that the judgment of conviction be set aside.

Next, defendants contend that the trial court erred in denying, without a hearing, their motion to suppress evidence. The motion to suppress was premised upon defendants' contention that section 132 of "An Act in relation to the regulation of traffic" (Ill. Rev. Stat. 1959, chap. 95½, par. 229) authorizing the State police to require the driver of a vehicle to stop and submit to the weighing of the vehicle violated the constitutional guarantee against unreasonable searches and seizures. The trial judge, in denying defendants' motion to quash the information, had already ruled adversely to the defendant upon this contention, and we have held that his ruling in this respect was correct. Under these circumstances, no useful purpose would have been served by a further hearing on the motion to suppress. The fact that defendants did not request a hearing on the motion to suppress indicates that they recognized this and

anticipated that the motion would be summarily denied as a result of the court's previous ruling on this constitutional argument.

Finally, defendants contend that the judge who sat at the trial of this case was without authority to sit as an acting judge of the county court of Du Page County. The trial judge was the Honorable William C. Atten, a judge of the circuit court of Du Page County. An entry in the record states that he was designated on October 30, 1961, the date of the trial, by the clerk of the county court as acting judge of the county court.

The trial occurred during a period of vacancy in the office of county judge of Du Page County caused by the resignation, on June 16, 1960, of the Honorable William L. Guild. Several statutory provisions are pertinent to the problem. The first provides that, in case of the resignation of the judge of a county or probate court, "the clerk of such court shall designate and call any county or probate judge to hold such county or probate court; and such county or probate judge, when so designated and called, may hold such county or probate court and perform all the duties of the judge thereof until the appointment or election of his successor." (Ill. Rev. Stat. 1959, chap. 37, par. 325.) It was presumably pursuant to this section that the clerk designated Judge Locke, the probate judge, as acting county judge.

Pertinent also are certain statutory provisions authorizing the interchange of judges. Under these provisions, circuit and county court judges may hold court for the judges of circuit and county courts of their own or any other county with the consent of each other. Ill. Rev. Stat. 1959, chap. 37, pars. 72.29, 298.

In *People ex rel. Adamowski* v. *Trampe,* 20 Ill.2d 144, we held that a judge who had been designated as acting judge of the county court by the clerk following the resignation of the county judge had the authority to arrange for

the interchange of judges. In so holding, we repudiated an earlier dictum in *People ex rel. Gregg* v. *Tauchen,* 415 Ill. 91, which had indicated that in such case the power to arrange for the interchange of judges was lodged in the clerk. Relying upon our decision in *People ex rel. Adamowski* v. *Trampe,* 20 Ill.2d 144, defendants argue that the clerk of the court, having designated the probate judge, Judge Locke, as acting judge of the county court, was without authority to make any further designation, and that his purported designation of Judge Atten as acting judge was a nullity and conferred no authority upon Judge Atten. This argument assumes that, if the clerk had no authority to designate Judge Atten as an acting county judge, then Judge Atten was without authority to preside over the trial. This assumption is unwarranted. Judge Atten, as a circuit judge, was authorized under the statutory interchange provisions to hold county court with the consent of the county judge (Ill. Rev. Stat. 1959, chap. 37, par. 72.29) or, under the circumstances of this case, with the consent of the acting judge of the county court, Judge Locke. If Judge Atten was so sitting with the consent of Judge Locke, then the designation of Judge Atten by the clerk would be mere surplusage and, while it would confer no additional authority upon him, it would not detract from his authority to hear the case. In the absence of any showing to the contrary, we cannot presume that Judge Atten was sitting on a case in the county court without the consent of the acting judge of that court, Judge Locke. In the absence of an affirmative showing to the contrary, it will be presumed that he was acting pursuant to lawful authority. See *Fisher* v. *City of Chicago,* 213 Ill. 268.

The judgment of the county court of Du Page County is affirmed.

*Judgment affirmed.*