THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID BROWN, Defendant-Appellant.

(No. 70-9;

Third District—November 12, 1970.

*Rehearing denied November 23, 1970.*

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

Harry D. Leinenweber, Assistant State's Attorney, of Joliet, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

The record in the cause discloses that a detective of the Joliet Police Department, Sidney Edwards, received a call that someone was prowling around the Joliet Auto Mart the night of April 14, 1968. The Joliet Auto Mart is a used car lot aproximately 75 by 100 feet with an office building in the middle of the lot. When Officer Edwards arrived at the lot at about 10:15 P.M. he drove around to the north side of the building where the only door to the building was located. The lot and the office building were both well lighted and there were lights on the inside of the office building at the time. As Officer Edwards got out of his automobile and looked toward the building he was approximately 22 feet from the door of the building. He then saw the face of a person protruding from the office door. Officer Edwards got back into his car to get a gun, but before he could come around to the front of his automobile a male Negro ran out of the office and continued on in a northerly direction. The officer called upon him to stop and fired a warning shot but the man refused to stop. The officer did not pursue the man. At the same time two other officers arrived, and Edwards gave them a description of the man and told them in which direction he ran. He stated that the man was a male Negro in his late 20's wearing a light, bright green sweater and had a white hat in his hand.

The defendant David Brown had been known to Officer Edwards for a number of years, and, although Officer Edwards saw the face of the man who looked out of the Joliet Auto Mart, he did not at that time tell the other officers that the man he saw was David Brown. Officer Edwards said that he thought that David Brown was still serving time in the State Penitentiary. The evidence disclosed that David Brown had been paroled from the penitentiary about 17 days previously. Detective Edwards identified David Brown in open court as the man he saw in the Joliet Auto Mart building the night of April 14, 1968. The officer also testified that he inspected the building on the lot and that nails and screws on the lock of the door to the office had been pried off so the door could be opened. On the inside of the building, the drawers in the desk were opened and the contents were disarranged. The manager of Joliet Auto Mart testified that he went to the lot on the night of April 14, 1968, after being called by the police, and that he found the drawers disarranged but that nothing was missing. He also testified that the Mart had been open until 5:00 P.M.

on Saturday night, and that when he left on that Saturday night everything was in order.

The two officers, who came on the scene shortly after Detective Edwards noted the defendant running in a northerly direction, both testified that Detective Edwards described the subject as a male Negro in his late 20's wearing a bright green sweater shirt and carrying a white hat. These two officers proceeded north along the one long block north of the Joliet Auto Mart. As they approached the Martin Oil Station at the corner of Scott and Jackson, they saw the defendant come around from the rear on the east side of the building. He was wearing the same clothing as described by Detective Edwards. This was about five minutes after the two officers had left the Joliet Auto Mart. There was evidence that a person could go from the north end of the Joliet Auto Mart to the Martin Oil Station by going along the railroad tracks, and could thus stay off the street. The defendant was recognized by one of the officers as David Brown. He noted that the defendant Brown was out of breath at the time he was seen at the Martin Oil Station. Defendant David Brown asserted that he was using the restroom at the Martin Oil Station, but the evidence indicated that there was no restroom behind the building. David Brown was arrested and on the way to the police station he was taken past the Joliet Auto Mart where Detective Edwards identified David Brown as the man he had seen in the building, who was known to him, and who ran away from him. Detective Edwards also stated that he knew David Brown by name although he had not named him specifically prior to this time.

Defense witnesses and defendant Brown himself testified that he was with his family on the night of April 14, 1968, and that he left his brother and his cousin about 9:45 P.M. to go to the restroom in the Martin Oil Station. He denied any connection with the break-in at Joliet Auto Mart.

Following a trial by jury, defendant was found guilty and sentenced thereafter to a term of from four to ten years.

On appeal in this Court, defendant contends that the State failed to produce evidence of all of the elements of the offense of burglary in that the State failed to introduce any evidence of (1) defendant's intent at the time of his alleged entry into the building and (2) that the State failed to introduce any evidence of defendant's lack of authority to enter the building allegedly burglarized. It is also contended on appeal that the evidence of the State was insufficient to suport a conviction.

The first question for consideration on appeal is whether there was a sufficient identification of the defendant as being the person in the Joliet Auto Mart. It is noted that Detective Edwards testified that he saw the face of the defendant in the auto mart building when he was only 22 feet away and when the area was well lighted. He stated that the defendant

then ran out of the building and refused to stop when he called to him and fired a shot in the air. As defendant ran, Edwards had a chance to see the clothing worn by defendant. When the two officers arrived at the building almost at the same time that defendant ran away, Detective Edwards told them to look for a male Negro in his late 20's with a white hat and a bright green sweater or shirt. Detective Edwards did not at that time refer to the defendant by name when telling the other two officers to apprehend the defendant. In view of the fact that Edwards testified that he thought that David Brown was still in the penitentiary on April 14, 1968, and had only been released from prison a few days prior to April 14, 1968, and also since the simplest way to find the defendant was to note his clothing at the time of the night, it was logical for Dectective Edwards to specify the description as he did under the circumstances. In the identification of defendant, however, Detective Edwards did not depend on articles of clothing alone but stated that he saw defendant's face in a well lighted area and identified him specifically as the defendant Brown who was known to Detective Edwards. Defendant cites *People v. Roe*, 63 Ill.App.2d 452 in support of the contention that there was not a proper identification in the instant case. In the *Roe* case there was nothing stated about the identity of defendant as one of the attackers until 16 days after the attack. In the case the court pointed out that he was known to the victim and it was as strange that on the night he was interviewed he did not name the defendant Roe as one of the men who had robbed and beaten him. In the cause before us, the identifying witnesss, Detective Edwards identified David Brown immediately after he was brought to him from the Martin Oil Station on the way to the police station. He saw David Brown face to face and at the first opportunity positively identified Brown as the man he saw in the building. The precedent of the *Roe* case, therefore, would not be applicable in the instant case nor is this case in any respect similar to *People v. Reed*, 103 Ill.App.2d 342, where the court indicated that a conviction should not be sustained on the basis of reference to clothing alone. As stated in *People v. Jones*, 24 Ill.2d 71, where identification was made by observing defendant's face and clothing, such identification is sufficient. In the cause before us, we have the specific identification by Officer Edwards. This identification was positive and was made in a situation where the officer had an oportunity to observe the defendant. *People v. Cox*, 22 Ill.2d 534; *People v. Gooch*, 70 Ill.App.2d 124.

■■ On the basis of the record in this case, the evidence indicated that defendant was in the Joliet Auto Mart on the evening of April 14, 1968, at the time Officer Edwards referred to; that he was apprehended in the same block just five minutes after he was seen by Detective Edwards; that he was out of breath at the time when he gave an excuse as to being in a

restroom, when there was no restroom in the area where he was coming from. Obviously, in view of such evidence, the jury conclusion with respect to identification was justified.

■■■ It is also contended that there was insufficient evidence presented of defendant's lack of authority to enter the building of Joliet Auto Mart at the time referred to. It is true that the State could easily have ascertained this by asking a simple question, but, in the instant case there is no direct evidence that defendant did not have authority to be in the building. Although we cannot infer lack of authority from the fact that defendant forced his way into the building since there is no direct proof that the defendant was the party who forced open the door, the State contends that under the precedents of *People v. Schneller*, 69 Ill.App.2d 50, and *People v. Weaver*, 41 Ill.2d 434, that even if a person enters a building which is open to all (such as the museum in *Schneller* or the laundromat as in *Weaver*) he has no authority to enter if he does so intending to commit a theft. Intent to commit a larceny can be inferred from circumstantial evidence. As stated in *People v. Soznowski*, 22 Ill.2d 540, at 543.

"Although intent is a matter of fact and cannot be implied as a matter of law, criminal intent may be shown by circumstantial evidence. (*People v. Weiss*, 367 Ill. 580, 586; *People v. Martishuis*, 361 Ill. 178.) 'Intent, being a state of mind, is rarely susceptible of direct proof, but ordinarily must be inferred from the acts and conduct of the party and the facts and circumstances attending them which reasonably indicate them to the minds of others.' "

And, as the court in *People v. Johnson*, 28 Ill.2d 441, 443 stated:

"Intent must ordinarily be proved circumstantially, by inferences drawn from conduct appraised in its factual environment."

We recognize that while intent can be proven from circumstantial evidence, the circumstantial facts must be such as are consistent with defendant's guilt and not with any other reasonable theory of innocence. (*People v. Gooch*, 70 Ill.App.2d 124, 130). In the cause before us, the defendant was positively identified as the person seen in the building on the evening of April 14, 1968. The lock on the door of the building had been pried loose to allow entry and although no one saw the defendant do this, the building was locked up thirty hours prior to the time defendant was seen in the building. The desk drawers in the building were pulled out and papers disarranged. This, coupled with the fact that defendant left the building, and, when ordered to stop, he refused, all tend to show, by circumstantial evidence, that defendant was not in the bulding for any lawful purpose. The factors tend to establish a reasonable conclusion that defendant was in the building to commit a larceny and they are inconsistent with any reasonable theory of his innocence.

■■ On the basis of the record before us, therefore, we believe that the jury was justified in coming to the conclusion, based upon the evidence in the cause, that defendant was in the premises with intent to commit a theft. We do not believe, therefore, that we would be justified in reversing the judgment of the Circuit Court of Will County. The judgment of the Circuit Court of Will County will, therefore, be affirmed.

Judgment affirmed.

RYAN, P. J., and STOUDER, J., concur.