THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TREMAYNE BANKS, Defendant-Appellant.

First District (4th Division)    Nos. 61700-01 cons.

Opinion filed September 22, 1976.

James J. Doherty, Public Defender, of Chicago (John X. Breslin and Richard D. Kharas, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Kevin Sweeney, and Marc S. Tobias, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

On May 21, 1973, Tremayne Banks, a juvenile, pleaded guilty to a charge of robbery and was sentenced to 4 years' probation by Judge Earl E. Strayhorn. On June 27, 1973, he pleaded guilty to aggravated battery before Judge Frank J. Wilson and was sentenced to 4 years' probation. The latter was to run concurrently with the sentence imposed by Judge Strayhorn. On October 22, 1973, both judges issued warrants for violation of probation and both cases were assigned to Judge Strayhorn for hearing. After judgments of revocation of probations and the presentence investigation, the court sentenced Banks to two concurrent sentences of 4 to 10 years for violation of each of the probations.

He appeals and presents the following issues for review: (1) whether the indictment is valid and the trial court had jurisdiction of the subject matter when a petition was not first filed in the juvenile division alleging commission of this offense before defendant's case was transferred to the criminal division; (2) whether it was error for a judge, other than the one who admitted defendant to probation, to preside at the violation hearing and resentencing when there was no showing that the judge who admitted defendant to probation was not available, or that the second judge had any idea what the nature and circumstances of the original offense were; (3) whether defendant's minimum sentence can exceed one-third the maximum sentence; and (4) whether defendant was given credit due him for time spent on probation and in predisposition confinement.

The offense of aggravated battery was committed on January 19, 1972, and the defendant was indicted by the grand jury of the circuit court of Cook County during the August 1972 term. Banks was 16 years of age at the time of the alleged offense and 17 years of age on the date of the indictment, his birthday being on June 18, 1955. The armed robbery was

committed on November 1, 1971, and he was indicted by the grand jury on July 12, 1972. Both offenses were committed while he was 16 years old and both indictments were returned after he was 17 years old. On September 25, 1972, a motion to dismiss the indictment, because no petition had been filed in the juvenile court to transfer the case to the adult court, was filed in the trial court. On September 26, 1972, a petition was then filed and on October 18, 1972, the juvenile court transferred the case to the adult criminal court. The trial court thereafter denied the petition to dismiss the indictment. The defendant then entered a plea of guilty and was placed on probation.

■■ The appellant cites *People v. Rahn* (1974), 59 Ill. 2d 302, 319 N.E.2d 787, as authority for his position. In *Rahn,* the State's Attorney obtained an indictment without filing a petition in the juvenile court. In advance of trial, the defendant's attorney moved that the State's Attorney be required to seek leave under the Juvenile Court Act to prosecute the defendant as an adult. The trial court denied that motion on the ground that no petition was necessary since the State's Attorney had already decided to proceed against the juvenile under the criminal law and had obtained an indictment. No petition was ever filed in the juvenile court. In the case at bar, after defendant's motion to dismiss the indictment had been filed, the State's Attorney filed a petition in the juvenile court to transfer the case to the criminal court which was allowed. Although the better procedure is to file the petition before seeking an indictment, we hold that this deviation, standing alone, is not of such a magnitude as to require a reversal. We note that defendant was 17 years of age at the time the indictments were returned. Although the defendant entered a plea of guilty and did not raise this question at the time of trial, we hold that the filing of the petition to dismiss the indictment preserved the question for review. *People v. Gregory* (1974), 59 Ill. 2d 111, 319 N.E.2d 483.

■■ The appellant next complains of the consolidation of his hearings for violation of probations. Banks was placed on two concurrent terms of 4 years' probation, one imposed by Judge Wilson and one imposed by Judge Strayhorn. The defendant was charged with violating the terms of both orders of probation by committing another crime. The cases were consolidated, and both petitions for revocation of probation were heard before Judge Strayhorn. The defendant asserts that section 5—4—1(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—1(b)) as applied in *People v. Beard* (1974), 59 Ill. 2d 220, 319 N.E.2d 745, requires that his sentence be vacated. Defendant failed to raise this issue before the trial court. Consequently, it was waived for all purposes and need not be considered (*People v. Brokowski* (1962), 25 Ill. 2d 497, 185 N.E.2d 241); however, we will analyze this contention for purposes of completeness. We disagree with this position because the

purpose of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—1(b)), was accomplished in the instant case. Furthermore, the defendant was not prejudiced by the fact that Judge Strayhorn found him in violation of probation in indictment No. 72-2443, sentencing him to a term of 4 to 10 years to be served concurrently with a like sentence imposed for violation of probation in No. 72-1617. Judge Strayhorn was familiar with the defendant, having placed him on probation after accepting his plea of guilty to robbery. At that time Judge Strayhorn conducted a hearing in which he was apprised of the defendant's character and background. Judge Strayhorn was also kept aware via his probation officer of the defendant's conduct during the time in which he was on probation. The record also indicates that Judge Strayhorn, as a condition of probation, required the defendant to meet personally with him on one Saturday every 3 months. Judge Wilson's 4-year probation imposed on the defendant, following the defendant's plea of guilty to aggravated battery, ran concurrently with Strayhorn's probation order. Finally, Judge Strayhorn conducted a full and comprehensive hearing prior to finding a violation of the defendant's probations and sentencing the defendant to two concurrent terms of 4 to 10 years each. The trial judge in the instant case was aware of the facts and circumstances under which the defendant was placed on probation. Furthermore, there existed an abundance of evidence by which the propriety of the sentence for the probation violation could be determined. Therefore, the instant case is completely distinguishable from the decision in *Beard*. In the case before us, there was compliance with the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—1(b)). We hold that there was no substantial error in one of the trial judges conducting the two simultaneous hearings to revoke probation where he was one of the judges who originally sentenced the defendant.

■■ The People concede that, as defendant contends, the minimum sentences imposed should both be reduced from 4 years to 3 years and 4 months, with maximum of both sentences to remain unchanged. The judgments and sentences appealed from are accordingly both modified by reducing the minimum terms of each to 3 years and 4 months.

The defendant further contends that he is entitled to credit for the time spent in custody awaiting sentence and for the time spent on probation. He concedes that the issuance of the arrest warrant for violation of probation on October 22, 1973, tolls this credit. Defendant, who was found to have violated his probation, was entitled to credit against sentence imposed following revocation for the time served while on probation. *People v. Dandridge* (1974), 20 Ill. App. 3d 745, 315 N.E.2d 116.

The judgments for revocation of probations and the sentences as

322

modified are affirmed and the cause is remanded with directions to consider, determine and implement the amount of credit to which defendant is entitled for time served in jail and on probation in accordance with the views above expressed.

Judgments and sentences affirmed as modified and cause remanded with directions.

GOLDBERG and O'CONNOR, JJ., concur.