THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DeCARLO ELLIS, Defendant-Appellant.

First District (5th Division)    No. 76-131

Opinion filed April 22, 1977.

James J. Doherty, Public Defender, of Chicago (Diane M. Burick and Judith A. Stewart, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Larry L. Thompson, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant appeals from an order revoking his probation and sentencing him to a term of three to nine years. He contends (1) the State failed to prove that he violated his probation, and (2) the court erred when it sentenced him without knowing the facts surrounding the commission of his original offense.

On November 23, 1973, Judge Pavlik accepted defendant's guilty plea to a charge of robbery (Ill. Rev. Stat. 1973, ch. 38, par. 18—1(a)) and sentenced him to two years probation. Subsequently, a petition for violation of probation was filed against him, alleging he committed the offense of burglary in violation of section 19—1(a) of the Criminal Code of 1961. (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a).) At a hearing held before Judge Gerrity to consider the revocation of his probation, the following pertinent facts were adduced.

*For the State*
*Frank Kooper*

He is a Chicago Heights police officer. On May 24, 1975, at about 1:15 a.m. he received a call that a burglary was in progress at "Distributor Incorporated," a liquor distributing business located at 1524 Union. Upon

arriving there, he observed defendant and two other black males jump from a three-foot by three-foot broken window on the north side of the building. The men ran toward a 1967 Chevrolet parked about 25 feet from the building. Before they reached the automobile, he apprehended them. In the back seat of the car he found 150 bottles of liquor. He then notified Mr. Costello (an agent of Distributor), who came to the building.

Over a continuing hearsay objection by defense counsel, Officer Kooper testified that Costello identified the bottles as belonging to Distributor. He also stated that Costello never indicated whether he knew defendant or whether he had ever given defendant permission to enter the building.

Although he stated on direct examination that Distributor is a corporation, he admitted on cross-examination he had no personal knowledge of this fact.

### For defendant
#### Defendant on his own behalf

At the time in question he was in the vicinity of Distributor; however, he did not burglarize it. Rather, he was walking by the building on his way to the "Crib" around the corner, when police apprehended him.

On cross-examination, he admitted knowing Morris Bennet and Tim Jackson (the other two accused men) for one and two years respectively. He was walking down the street on the morning in question, when Bennet drove up and informed him that he and Jackson were "fixing to break in the window" at Distributor. He told Bennet that he "didn't want to be in trouble" because he was on probation. He denied going near the window or the building. He further denied seeing any bottles either passed out of the building window or in Bennet's car.

Based on this evidence, the court found that defendant had violated his probation. At the sentencing hearing, the court did not receive evidence of the original offense. However, it did receive a presentence report. Further, it held a hearing in aggravation and mitigation, during which defendant's mother testified on his behalf. At the conclusion of this hearing, defendant was sentenced to three to nine years in the House of Corrections.

### OPINION

Defendant first contends the State failed to prove that he violated his probation. He argues initially that the State did not prove unauthorized entry an essential element of the offense of burglary. (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a).)[1] He asserts that Kooper's testimony, relating what

---

[1] Section 19—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a)) provides:

Costello told the officer regarding any permission given defendant to enter Distributor, is hearsay.

■■ In probation revocation proceedings the State need only prove defendant violated his probation by a preponderance of the evidence. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(c).) Here, although the testimony objected to is hearsay, defendant's unauthorized entry may be inferred from the circumstances surrounding defendant's apprehension, which Kooper personally observed. (See, *People v. Hart* (1971), 132 Ill. App. 2d 558, 270 N.E.2d 102; *People v. Brown* (1970), 131 Ill. App. 2d 717, 263 N.E.2d 603.) Kooper testified he saw defendant exit the premises of Distributor (a liquor distributor) through a broken window at 1:15 a.m. and attempt to flee in an automobile containing 150 bottles of liquor. In the absence of evidence to the contrary, this testimony was sufficient to prove unauthorized entry, especially when measured by the lower standard of proof applicable to probation revocation proceedings.

■■ Defendant also argues that the State failed to prove ownership of the burglarized premises, because Kooper admitted he did not know if Distributor was a corporation. In weighing the merit of this contention, we must consider the purpose of proving corporate existence, which is to adequately identify the burglarized premises in order to enable defendant to plead former acquittal or conviction in the event of a second prosecution for the same offense. (*People v. Nelson* (1970), 124 Ill. App. 2d 280, 260 N.E.2d 251.) The record here discloses that the burglarized premises were identified by name and street address. Should a second prosecution for this offense occur, protection against double jeopardy is afforded by this record. Defendant is therefore not prejudiced by the lack of formal proof of incorporation. See, *People v. Kaprelian* (1972), 6 Ill. App. 3d 1066, 286 N.E.2d 613, *cert. denied*, 412 U.S. 918, 37 L. Ed. 2d 144, 93 S. Ct. 2730.

Lastly, defendant contends the court erred when it sentenced him without knowing the facts surrounding the commission of his original offense.

The sentence imposed upon revocation of probation must be based on the original offense, not on the offense causing the violation. (*People v. Cruz* (1971), 133 Ill. App. 2d 326, 273 N.E.2d 257.) Section 5—4—1(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—4—1(a)) provides that at the hearing held to impose sentence: "[T]he court shall:

(1) consider the evidence, if any, received upon the trial;

"(a) A person commits burglary when without authority he knowingly enters or without authority remains within a building, ° ° ° with intent to commit therein a felony or theft."

    (2) consider any presentence reports;

    (3) consider evidence and information offered by the parties in aggravation and mitigation;

    (4) hear arguments as to sentencing alternatives; and

    (5) afford the defendant the opportunity to make a statement in his own behalf."

In the instant case a different judge than the one who admitted defendant to probation conducted the probation violation hearing. The State admits in its brief that the second judge did not receive evidence of defendant's prior offense at the sentencing hearing. Nonetheless, it argues there was "substantial compliance" with section 5—4—1(a) because the second judge received other evidence upon which the propriety of the sentence could be determined, including the presentence report and the evidence adduced at the hearing in aggravation and mitigation.

We do not agree. Section 11, article I of the Illinois Constitution of 1970 (Ill. Const. 1970, art. 1, § 11) requires that "All penalties shall be determined *both according to the seriousness of the offense* and with the objective of restoring the offender to useful citizenship." (Emphasis added.) In order to weigh the seriousness of the offense, it is necessary to know the facts surrounding its commission. Here, the court was unaware of these facts.

Although the State argues that these facts if known to the sentencing judge, would only have increased defendant's sentence, this is speculation on their part. Nor is *People v. Banks* (1976), 42 Ill. App. 3d 318, 356 N.E.2d 121, upon which the State relies controlling. There, the sentencing judge was one of two judges who had placed defendant on concurrent terms of probation. Further, as the court noted, the judge there "was aware of the facts and circumstances under which the defendant was placed on probation." 42 Ill. App. 3d 318, 321, 356 N.E.2d 121, 124.

■■ Because the court failed to comply with the Unified Code of Corrections we must vacate defendant's sentence and remand this cause for another sentencing hearing. *People v. Beard* (1973), 15 Ill. App. 3d 663, 304 N.E.2d 707, *cert. denied*, (1975), 421 U.S. 992, 44 L. Ed. 2d 483, 95 S. Ct. 1999.

For the foregoing reasons the revocation of probation is affirmed, the sentence is vacated, and the cause is remanded for resentencing.

Judgment affirmed; sentence vacated; remanded for resentencing.

MEJDA and WILSON, JJ., concur.