THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARILYNN L. NEAL, Defendant-Appellant.

Second District   No. 76-102

Opinion filed August 26, 1977.

Donald A. Manzullo, of Fearer & Nye, of Oregon, for appellant.

Peter J. Woods, State's Attorney, of Oregon (Phyllis J. Perko and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant herein was charged with driving too fast for conditions in violation of section 11—601 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—601(a)). In a bench trial she was found guilty, fined $10 and costs, and she appeals.

About 11 on the morning of September 9, 1975, the defendant was driving westerly on Route 38, a two-lane road. Repair work was being done on the southerly lane. Three warning signs had been posted for westbound traffic approximately 1200-1500 feet from the work area. At either end of the work area on the southerly lane a flagman was stationed displaying a SLOW or STOP sign for oncoming traffic. As the defendant approached the work area a SLOW sign was displayed by the maintenance man at the east end of the work area. She proceeded in the northerly lane and a 25,000-pound endloader backed into the northerly lane and the defendant ran into it. She was injured. The testimony of the police officer who arrived upon the scene indicated that the defendant's

vehicle had not been moved from the point of impact and he measured 52 feet of skid marks laid down by defendant's vehicle prior to her collision with the endloader. The defendant was issued a Uniform Traffic Ticket, charging her with driving at a speed too fast for conditions and requiring her to appear in court, pursuant to Supreme Court Rule 551 (Ill. Rev. Stat. 1975, ch. 110A, par. 551), which requires a court appearance under the provisions of section (d) thereof, for:

> "Any Traffic offense which results in an accident causing injury to or the death of any person."

In the case before us the injury was to the defendant.

In this appeal the defendant has raised three issues, *viz.*, defendant was not proven guilty beyond a reasonable doubt; Supreme Court Rule 551(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 551), requiring the defendant to appear in cases involving personal injury is unconstitutional; and, lastly, the complaint written on the Uniform Traffic Ticket failed to charge the crime as defined by statute and that the conviction based thereon is void.

■■ In support of defendant's contention that the evidence does not show that she was guilty beyond a reasonable doubt, she contends that the evidence is conclusive that the endloader which pulled out in front of her vehicle was the cause of the accident and that it was not her "excessive speed" that caused the accident. In support of this argument she contends that she cannot be found guilty of failing to reduce speed to avoid an accident when she did not cause the accident. This is an argument somewhat as to which came first, the chicken or the egg. Examination of the record, as indicated above, shows, and the testimony of the investigating police officer is conclusive, that the skid marks laid down by the defendant's vehicle extended 52 feet from the point of impact with the endloader. Her car was demolished. These two factors, taken together, certainly indicate a speed in excess of that proper for the conditions existing where the accident occurred. Particularly is this true in view of the fact that there were warning signs extending 1500 feet from the work area and there was a maintenance man with a sign advising her to drive slowly on the one-way traffic lane; nonetheless, she skidded 52 feet before striking the endloader and demolishing her car. We find that the trial court was justified in finding the defendant was guilty beyond a reasonable doubt of driving too fast for the conditions, under the facts set forth above.

The other two arguments or contentions of the defendant were not raised in the trial court. First, defendant contends the "must appear" traffic offenders provision of Supreme Court Rule 551 is unconstitutional and, secondly, the Uniform Traffic Ticket setting forth a violation of "speed too fast for conditions" fails to charge a crime. The Supreme

Court of Illinois and this court have repeatedly held that issues not raised in the trial court may not be raised on appeal. See, *e.g., People v. Mayberry* (1976), 63 Ill. 2d 1, 345 N.E.2d 97; *People v. Banks* (1976), 42 Ill. App. 3d 318, 356 N.E.2d 121.

■■  However, in passing, the basis for defendant's contention that the "must appear" traffic provision is unconstitutional is that if she had not been injured she could have paid a fine of $10 plus $10 costs without appearing. Inasmuch as she was injured she had to appear and had to pay additional costs. It is to be noted that she was fined $10. The additional costs primarily are for subpoena charges. She further contends that by appearing she subjected herself to a possible fine up to $500, under section 6—601(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 6—601(b)) rather than the $10 fine which is payable under Supreme Court Rule 529 (Ill. Rev. Stat. 1975, ch. 110A, par. 529). She therefore contends that she subjects herself to a greater fine, greater court costs and is denied her rights under the sixth and fourteenth amendments of the United States Constitution. We do not agree. The supreme court has set up a method whereby minor traffic violations may be expedited. As set forth herein, and as set forth in Supreme Court Rules 529 and 551, the supreme court has determined that certain more serious traffic offenses shall require the appearance of the defendant. One of these is if injury or death occurs to a person. Unfortunately the person herein who was injured was the defendant herself. Nonetheless, we find no violation of constitutional dimensions.

■■  In *Morey v. Doud* (1957), 354 U.S. 457, 463, 1 L. Ed. 2d 1485, 1490, 77 S. Ct. 1344, 1349, the Supreme Court of the United States in considering a State act involving a civil matter, stated the established proposition that the " 'prohibition of the Equal Protection Clause goes no further than the invidious discrimination.' *Williamson v. Lee Optical of Okla., Inc.* 348 U.S. 483, 489, 99 L. Ed. 563, 573, 75 S. Ct. 461." We feel that the same rule applies herein, as the Supreme Court of Illinois did in *People v. Johnson* (1958), 15 Ill. 2d 244, 251, 154 N.E.2d 274, 278, a criminal case in which the court stated:

> "Neither the constitutional requirement of equal protection of the law nor that of due process proscribes a classification between groups differently situated, so long as a reasonable basis for the distinction exists."

Further, Rule 551, requiring a court appearance in certain traffic cases, is a rule of the Supreme Court of Illinois and it would not behoove us to hold the same unconstitutional, even if we were wont to do so, which we are not. We further find that the same logic applies to the constitutionality of Supreme Court Rule 529, providing for the imposition of fines without

appearance by the defendant except for those offenses delineated in Supreme Court Rule 551.

■■ ■ The last contention of the defendant is that the complaint charging defendant with driving at a "speed too fast for conditions," in violation of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—601(a)), is invalid as that section of the statute reads:

> "No vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property."

This contention, in substance, is that the complaint did not explicitly set out in detail what the defendant had done or use the language of the statute. The answer to this argument is succinctly found in *People v. Gilmore* (1976), 63 Ill. 2d 23, 29, 344 N.E.2d 456, 460:

> "* * * the sufficiency of an information or indictment attacked for the first time on appeal is not to be determined by whether its form follows precisely the provisions of the statute. When attacked for the first time on appeal an information or indictment is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct."

The judgment of the trial court is affirmed.

Affirmed.

BOYLE and WOODWARD, JJ., concur.