THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CAREY KOBA, Defendant-Appellant.

First District (2nd Division)    No. 76-265

Opinion filed November 15, 1977.—Rehearing denied December 22, 1977.

James J. Doherty, Public Defender, of Chicago (Timothy P. O'Neill and John Thomas Moran, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Joan S. Cherry and Pamela L. Gray, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Defendant brings this appeal from an order of the circuit court revoking his probation (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4) and sentencing him to serve a term of 3 1/3 to 10 years, less credit for time already served on probation.

On appeal, defendant argues that he was denied his right to due process of law when he was not offered immunity from the use, at his subsequent criminal trial, of any testimony he might have given in his own behalf at his probation revocation hearing.[1]

---

[1] The term "use immunity" generally refers to an order of a court compelling a witness to give testimony of a self-incriminating nature, but which provides that such testimony may not be used as evidence in a subsequent prosecution of that witness. Sometimes the protection of a grant of use immunity extends beyond the testimony itself to prohibit the use of evidence which is "derived" from the compelled testimony.

"Use immunity" is distinguished from "transactional immunity." The latter term, as generally applied, prohibits the subsequent prosecution *itself* as to any matter about which the witness may be compelled to testify.

For discussions on this topic, see *Kastigar v. United States* (1972), 406 U.S. 441, 448-59, 32 L. Ed. 2d 212, 92 S. Ct. 1653; *People v. Dinora* (4th Dist. 1973), 13 Ill. App. 3d 99, 106, 299 N.E.2d 797; and Ritchie, *Compulsion That Violates The Fifth Amendment: The Burger Court's Definition*, 61 Minn. L. Rev. 383 (1977). See also Ill. Rev. Stat. 1975, ch. 38, pars. 106—1 through 106—3.

In August of 1974, defendant pleaded guilty to a charge of aggravated battery and was placed on five years probation (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—1), the first year to be served as periodic imprisonment (Ill. Rev. Stat. 1973, ch. 38, par. 1005—7—1). In March of 1975, the same judge who had accepted the guilty plea modified defendant's probation, ordering him incarcerated until August of 1975, when he was found to have violated his probation by absenting himself from the House of Corrections for an unauthorized period of time. Defendant's probation was again modified in June of 1975. The court ordered him released from custody so that he might move to Pennsylvania where his mother, and sister, who resided there, had secured a job for him. The court ordered defendant's probation transferred to the appropriate authorities in Pennsylvania.[2] Defendant was then released from custody and moved to Pennsylvania.

On August 11, 1975, defendant was arrested in Chicago with three other persons for offering to sell 76 sticks of cyclonate, described as an explosive, dynamite-like substance, and dynamite caps to two undercover policemen.[3] On August 13, 1975, the State filed a petition to have defendant's probation revoked.

The court denied defendant's motion to strike the State's petition based on the court's alleged lack of jurisdiction stemming from the "transfer" of defendant's probation to the State of Pennsylvania. The court also denied a defense motion to postpone the hearing on the petition until after defendant's trial on the underlying criminal charges.

The State presented evidence that defendant and the others, who were riding in a car bearing Pennsylvania license plates, had approached a number of youths on a street corner and offered to sell them the cyclonate at a price of $5 per stick, plus $5 for a detonating cap. One witness testified that defendant had even opened the trunk of the car and exhibited the explosives to him. The youths informed police of the encounter, who then arranged for the offer to sell the explosives to undercover policemen, leading eventually to defendant's arrest.

The defendant presented no evidence at the hearing and did not testify in his own behalf. Following the arguments of counsel, defendant's probation was revoked.

---

[2] The record indicates that the administrative procedures for this transfer were never completed.

[3] Eventually, defendant was convicted under a three-count indictment charging him with possession of explosives without a valid license (Ill. Rev. Stat. 1973, ch. 93, pars. 152.1, 154), unlawful use of weapons (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(7)), and possession of explosives and incendiary devices (Ill. Rev. Stat. 1973, ch. 93, pars. 152.1, 154, and ch. 38, par. 20—2). His appeal from these convictions is currently pending before another division of this court, No. 76-1529.

## I.

Although counsel for the defendant strenuously argued at least five theories of defense in the court below,[4] the only argument raised in this appeal is that he should have been offered use immunity for any testimony he might have given at the probation revocation hearing. Defendant contends that the failure to offer use immunity forced him to make a "Hobson's choice." Either not testifying at the hearing, which would enhance the probability that his probation would be revoked; or testifying at the hearing, by which he would effectively waive his fifth amendment right against self-incrimination. The latter would assist the State in building its case against him at his later trial on the underlying criminal charges and thus enhance the probability of his conviction. In support of this position, defendant relies primarily on *Simmons v. United States* (1968), 390 U.S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967; *Garrity v. New Jersey* (1967), 385 U.S. 493, 17 L. Ed. 2d 562, 87 S. Ct. 616; *Spevack v. Klein* (1967), 385 U.S. 511, 17 L. Ed. 2d 574, 87 S. Ct. 625; *Lefkowitz v. Turley* (1973), 414 U.S. 70, 38 L. Ed. 2d 274, 94 S. Ct. 316; *People v. Coleman* (1975), 13 Cal. 3d 867, 533 P.2d 1024, 120 Cal. Rptr. 384; *Melson v. Sard* (D. C. Cir. 1968), 402 F.2d 653; and *United States ex rel. Carioscia v. Meisner* (N.E. Ill. 1971), 331 F. Supp. 635.

We have reviewed the cited cases carefully and conclude that *Simmons, Garrity, Spevack,* and *Turley* are factually distinguishable from the instant case. We also note that while *Coleman, Melson,* and *Meisner* generally support the proposition argued, none of those cases is binding on Illinois courts. The issue has yet to be resolved in Illinois.

However, our review of the record reveals that defendant never raised the issue of use immunity in the trial court. On September 4, 1975, prior to the hearing on the State's petition for revocation of defendant's probation, counsel for defendant filed two pleadings designated "State Habeas Corpus Petition" and "Motion to Object to Proceeding on Violation of Probation." Neither of these pleadings raised the use immunity issue. Counsel did not request a grant of use immunity from the court during the hearing, nor did he argue the point during his closing argument to the court. In oral argument before this court, defendant's counsel acknowledged that this issue was not raised in the trial court.

A reviewing court will not consider matters not of record which appear for the first time in a defendant's brief on appeal. (See *People v. Banks* (1st Dist. 1976), 42 Ill. App. 3d 318, 320, 356 N.E.2d 121; *People v. Myers*

---

[4] ((1) Lack of jurisdiction of the trial court over defendant's probation; (2) conscious avoidance by the State of the doctrine of collateral estoppel, as applied in *People v. Grayson* (1974), 58 Ill. 2d 260, 319 N.E.2d 43; (3) a general theory that if defendant were to testify at the hearing, his rights to due process and to remain silent would be violated; (4) denial of equal protection; and (5) failure of the State to prove an essential fact.)

(5th Dist. 1974), 18 Ill. App. 3d 700-05, 310 N.E.2d 407.) By failing to establish a record properly presenting this issue for our review, defendant has waived our consideration of this issue. The order of the circuit court of Cook County is therefore affirmed.

Affirmed.

STAMOS and PUSATERI, JJ., concur.