THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM BANKS, Defendant-Appellant.

Second District   No. 76-541

Opinion filed May 3, 1978.

Mary Robinson and Mark Schuster, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant, William Banks, was convicted of burglary in 1973 and was placed on three years probation. One of the conditions of probation provided that defendant should not violate any laws. This appeal arises from the revocation of probation by a judge who did not impose the initial sentence. At the revocation hearing it was shown that defendant had been convicted of a number of misdemeanors while on probation.

Probation was revoked and defendant was sentenced to 5 to 15 years imprisonment. Defendant's contention on appeal is that he was improperly sentenced.

Defendant first argues that he was improperly sentenced because the sentencing judge was unaware of the nature of the original offense. This is similar to the argument made in *People v. Ellis* (1977), 48 Ill. App. 3d 221, 363 N.E.2d 33. In that case, the defendant was convicted of robbery and placed on probation. When probation was revoked, the sentencing judge was not the judge who had admitted the defendant to probation. The State admitted that the sentencing judge did not receive evidence of the original offense, although the State argued substantial compliance with that requirement, taking the position that the presentence report and hearing in aggravation and mitigation provided the sentencing judge with adequate evidence of the original offense to determine proper sentence. The First District held that the sentencing judge had insufficient knowledge of the original offense.

■■ ■ In the cause before us, the sentencing judge was not the same judge who placed defendant on probation. However, we distinguish the present situation from that in the *Ellis* case. The State here does not concede that the sentencing judge had no evidence of the original offense. Further, the record shows that the sentencing judge reviewed the file on the case and took into consideration, among other things, the presentence report and the factual matters set forth in the case history. The sentencing judge also referred to the indictment and was aware that the original conviction for which defendant was placed on probation was for burglary. Although the file which the sentencing judge referred to is not before us, we will not presume that the file contained insufficient information regarding the evidence of the original offense so as to preclude him from having adequate knowledge of that offense to determine a proper sentence. We accordingly hold that the state of the record is such as to allow us to conclude that the sentencing judge was aware of the facts and of the nature of the original offense.

■■ Defendant also contends that the sentencing judge improperly considered two misdemeanor theft convictions as being a felony. This is based on the comment by the trial court that, "two thefts under $150 technically become the equivalent of a felony." While a judge may not, in setting sentence, consider as a felony any charge of a misdemeanor against defendant (*People v. Hill* (1973), 14 Ill. App. 3d 20, 302 N.E.2d 373), we note that the comment was made at the revocation hearing, not the sentencing hearing, and therefore we conclude that *Hill* does not apply here. Further, the court did qualify the statement and properly displayed its understanding of the law by observing that such

misdemeanor theft convictions have to be set forth separately and charged to constitute a felony. For these reasons we find no reversible error here.

We accordingly affirm the decision of the trial court.

Affirmed.

BOYLE and NASH, JJ., concur.