THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT EARL DREW, Defendant-Appellant.

Third District   No. 82—237

Opinion filed January 26, 1983.

Florence L. Bennett, of Peoria, and Robert Agostinelli and Thomas A. Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

James T. Teros, State's Attorney, of Rock Island (John X. Breslin and Terry Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

On September 14, 1981, defendant, Robert Earl Drew, pleaded guilty to burglary of a commercial building and was sentenced by Judge Conway Spanton of the Rock Island County Circuit Court to a two-year term of probation. On November 4, 1981, the Rock Island State's Attorney filed a petition to revoke defendant's probation on grounds that defendant had violated the conditions of his probation by burglarizing a residential building. The matter was heard by Judge Jay M. Hanson on January 13, 1982.

At the probation revocation hearing, it was established that the residence was burglarized on October 15, 1981. A jacket and hat taken from the residence were found in defendant's possession. The defendant's cap was found in the residence, and his jacket was found with several of the stolen items in the vicinity of an apartment building construction near the burglarized residence. Joey Watson, an accomplice who had pleaded guilty to the October 15 burglary, testified that the defendant had committed the October 15 burglary with his (Watson's) assistance. Further testimony tended to corroborate the defendant's participation in the October 15 burglary.

The defendant's probation officer, Steven Johnson, testified that Robert Earl Drew was a client of his since September 14, 1981. Johnson also testified that his client was seated at his left in the courtroom. Watson testified that he knew defendant was on probation on October 15, 1981, when they burglarized the residential building.

At the close of all evidence and arguments of counsel, the trial court found that defendant had violated his probation by committing a burglary on October 15, 1981. Defendant was subsequently sentenced to a four-year term of imprisonment.

On appeal, defendant raises two issues: (1) whether the State failed to prove that the defendant was the individual placed on probation on September 14, 1981; and (2) whether in sentencing the defendant to a four-year term of imprisonment the trial court improperly commingled the circumstances of the underlying offense with the events leading to probation revocation. We affirm.

The crux of defendant's initial argument is that none of the State's witnesses at the probation revocation proceedings were present at the guilty plea and sentencing proceedings which took place on September 14, 1981. Therefore, he argues, it was not established that in fact he was the same Robert Earl Drew who was placed on probation. In addition, defendant argues, the probation officer who identified his client, Robert Earl Drew, as the person seated to his left, failed to establish for the record that the person thus identified was the defendant in the instant probation revocation proceedings.

■ While we are not unimpressed with the ingenuity of defendant's arguments, neither are we convinced that defendant is thereby entitled to a reversal. We believe that the State's evidence was sufficient under the appropriate preponderance of the evidence standard (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4(c)) to establish both that the defendant was on probation at the time of the October 15 burglary and that he was the Robert Drew who had been sentenced to probation on September 14, 1981. (See *People v. Speight* (1979), 72 Ill. App. 3d 203, 389 N.E.2d 1342.) Although the record does disclose that the defendant was the person seated to Officer Johnson's left in the courtroom, it does not affirmatively disclose that the person so seated was named "Robert Earl Drew," a name not exactly unfamiliar to the defendant. Watson identified the defendant as Robert Drew, as the person who had assisted him in the October 15 burglary, and as a person whom Watson knew to be on probation. The common law record contains a copy of Robert Earl Drew's arrest card for a July 24, 1981, burglary which describes him as a black male, age 18, with black hair, brown eyes, 6'2" tall and weighing 145 lbs. The disposition

report for that offense shows that Robert Earl Drew was convicted and sentenced to two years' probation on September 14, 1981. The defendant, Robert Earl Drew, appeared in person at the probation revocation hearing and was observed by Judge Hanson. Given the totality of evidence of record, we feel confident that the trial court did not err in its finding that the defendant appearing before him on January 13, 1982, was in fact the same Robert Earl Drew who had been sentenced to probation on September 14, 1981. We therefore decline defendant's invitation to reverse on grounds of faulty identification.

Defendant's second contention on appeal is that he is entitled to a new sentencing hearing because Judge Hanson referred to the residential burglary in imposing a sentence of imprisonment.

We have reviewed the record and are not persuaded that Judge Hanson imposed the four-year prison term solely on the facts surrounding the October 15 burglary without consideration of the facts and circumstances of the underlying conviction for burglary of a commercial building. In *People v. Ellis* (1977), 48 Ill. App. 3d 221, 363 N.E.2d 33, as in the present case, defendant was sentenced to probation by one judge and found to have been in violation of probation by another. The latter judge had no evidence of the original offense when he imposed a prison sentence of three to nine years. On review, the court vacated the sentence and remanded for a new sentencing hearing, finding that it would not have been possible for the sentencing judge to weigh the seriousness of an offense for which no evidence had been presented to him. 48 Ill. App. 3d 221, 225, 363 N.E.2d 33, 36.

In contrast to *Ellis*, the record in the present case contains ample evidence of the facts and circumstances surrounding the July 24 burglary of a commercial building in the pre-sentence investigation report. Judge Hanson acknowledged the fact that the underlying offense was burglary of a commercial building. His mention of the defendant's post-conviction conduct, including the evidence of a residential burglary on October 15, does not render invalid the judge's determination that a four-year prison term was an appropriate sentence for burglary of a commercial building. See *People v. Banks* (1978), 59 Ill. App. 3d 774, 375 N.E.2d 1360.

Having found no error, we affirm the trial court's judgment and sentence.

Affirmed.

ALLOY and HEIPLE, JJ., concur.