People of the State of Illinois, Plaintiff-Appellee, v. Kenneth Coffman, Defendant-Appellant.

Gen. No. 10,843.

Fourth District.

June 1, 1967.

Zimmerly and Johnson, of Champaign (Stephen H. Katz and Philip Zimmerly, of counsel), for appellant.

C. E. Corbett, State's Attorney of Piatt County, of Monticello, for appellee.

SMITH, J.

The defendant, a seventeen-year-old high school student, pleaded guilty to a charge of deceptive practices in writing a $10 check on his older brother's account and was placed on probation. Six weeks later, the probation was revoked and the defendant was sentenced to the Illinois State Farm at Vandalia, Illinois, for one year. In appealing from this order, his principal contention is that he was denied procedural due process of law in that the revocation order was entered without benefit of counsel.

The revocation proceedings was instituted by an unverified motion of the probation officer charging that the defendant was not at his home during the entire night of September 30, and during the entire night of October 1, and that such conduct on his part violated the provisions of the probation order which required the defendant to be at his place of residence between the

hours of 11:00 p. m. and sunrise each and every night unless he had the consent of the probation officer to do otherwise. On the call of the motion, the defendant appeared in open court along with the State's Attorney and the defendant was presented with a copy of the motion to revoke probation. At the court's direction, the State's Attorney then read the entire motion to revoke in open court. Thereupon the following proceedings were had:

"The Court: What is your pleasure about this? Do you want a hearing? Do you want to confess it or what do you want to do?

"(Hesitation by the defendant—he does not answer)

"The Court: You understand you are entitled to a hearing on this?

"Defendant: Yeh.

"The Court: But it is a hearing before the Court and not before a jury.

"(The defendant is not responsive)

"The Court: I am waiting for your reply. I want to give you full time to consider it, if you want further time to consider it I will give it to you. If the facts are true. . . .

"Defendant: (Interpose) They are true.

"The Court: You admit the statements as set forth in the Motion as being true and correct?

"Defendant: Yes.

"The Court: Show—

"Defendant upon consideration of motion confesses same and admits as to the truth thereof. Hearing on Motion. Motion allowed. Order of Probation set

aside and vacated and defendant sentenced, by reason of the conviction herein, to the Illinois State Farm at Vandalia, Illinois, for a period of one year and to pay costs. Mittimus to issue accordingly.

"The Court: You will go with the Sheriff."

■ ■ The statute antedating our present Criminal Code set out the ground rules for a revocation of probation. Among other things, it required that the defendant be furnished with a copy of the charge, that a hearing date should be set by the court allowing the probationer reasonable time to prepare his defense, and specifically giving to him the right to have counsel, coextensive with that right in the action which resulted in such probation. Ill Rev Stats 1963, c 38, § 789.1. The State urges that the repeal of this section and the elimination of these provisions in the new Criminal Code relating to probation, Ill Rev Stats 1965, c 38, § 117–1, 2 and 3, reflects a deliberate intention on the part of the Legislature to change the law as to these requirements. Such a conclusion is foreclosed by the due process provisions of the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and by Article II, § 2, of the Illinois State Constitution. Due process may not be limited, delimited, circumscribed, modified or denied by legislative enactment.

■ A probation system has been a part of the Illinois law since 1911. Laws, 1911, p 277. It has undergone many statutory revisions and the case law prescribing and outlining the metes and bounds of the system are numerous. An extensive and careful study of the procedure required is set forth in People v. Price, 24 Ill App2d 364, 164 NE2d 528. See also People v. Franciere, 47 Ill App2d 436, 198 NE2d 170; State v. Headrick, 54 Ill App2d 44, 203 NE2d 157; People v. Dwyer, 57 Ill App2d 343, 206 NE2d 113. In our judg-

ment, the present Criminal Code must be interpreted in the light of these cases and that to "conduct a hearing" as the statute requires necessitates the procedure spelled out in them.

 In People v. Burrell, 334 Ill App 253, 79 NE 2d 88, the defendant did not have an attorney and the then statute did not require one. The Appellate Court reversed the order revoking probation and said that justice required that the defendant be given an opportunity to obtain an attorney, and on the other hand if the court was not willing to continue the cause for that purpose, that the defendant should have been offered the services of the public defender. In Franciere, the defendant was likewise without an attorney. The State's Attorney confessed error under Ill Rev Stats c 38, § 789.1, which required the opportunity for an attorney and stated that the hearing on the revocation of probation was "conducted in violation of [defendant's] statutory and constitutional rights to counsel." In Price, the Appellate Court said: "It has frequently been said that notice to a defendant and opportunity to be heard are fundamental requirements and coexistent essentials of the constitutional guaranty of due process of law. While our Probation Act contains no such express requirement our courts have held that such rights are conferred. (Citing Cases.)" People v. Price, 24 Ill App2d 364, 376, 164 NE2d 528, 533. In Headrick, the court suggests that the procedure to revoke an order admitting a defendant to probation is of no serious consequence so long as the defendant has been given due notice, a copy of the charge, the opportunity to be heard, and a conscientious judicial determination has been made, according to accepted and well recognized procedural methods upon the question of his violation of the conditions of probation. This, the court said, would include the right to counsel and

a reasonable time to prepare his defense. Thus our courts have, sometimes with the aid of statutory specifications and sometimes without, spelled out the requirements of procedural due process.

 We do not imply that these rights may not be waived by any adult or by one under 18 years with the advice of counsel, if knowingly and understandingly done. The record before us fails to show either that the defendant knew of those rights or that he was advised of them or that he knowingly waived them. Indeed it is a paradox in itself to say that you may knowingly and understandingly waive rights of which you have no knowledge. There was no waiver here.

 We would further observe that Ill Rev Stats c 38, § 113–5, provides that no person under the age of eighteen years shall be permitted to plead guilty or waive trial by jury in any case except where the penalty is a fine only unless he is represented by counsel in open court. Supreme Court Rule No. 401(c) appears to have broadened the base of this statute by saying that in *no case* shall a plea of guilty or a waiver of indictment or a trial by jury be accepted from a person under the age of eighteen years unless he is represented by counsel in open court. The solicitude thus expressed for a defendant under eighteen years of age should apply to this seventeen-year-old defendant on a plea of guilty to a violation of probation. Such a plea can and it did here result in incarceration. His liberty and his freedom is as much at stake in this plea of guilty to a violation of probation as it was in his original plea to the criminal charge. It is the pronouncement of an incongruity to say that advice of counsel is essential and required in the latter, but not in the former where a seventeen-year-old is involved. He had counsel in the original suit. He had none here. Substantial justice and due process require that the order revoking probation

278

be reversed and remanded to the trial court with directions to proceed in conformity with the views herein expressed. It is so ordered.

Reversed and remanded.

CRAVEN, P. J. and TRAPP, J., concur.