2 Ill. App.3d 358 (1971)
276 N.E.2d 391
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
NILSIDA MORALES, Defendant-Appellant.
No. 55202.
Illinois Appellate Court  First District.
November 2, 1971.
Gerald W. Getty, Public Defender, of Chicago, (James N. Gramenos, Assistant Public Defender, of counsel,) for appellant.
Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, and Nicholas Taubert, Assistant State's Attorneys, of counsel,) for the People.
Judgment affirmed.
Mr. JUSTICE SCHWARTZ delivered the opinion of the court:
*359 Defendant appeals from an order revoking probation. The order was based on a finding by the court that defendant had violated a condition of probation imposed in a prior case which prohibited her from possessing firearms.
Defendant was charged with the shooting of her husband on April 27, 1969. On motion of the State the charge of murder was changed to manslaughter. The court accepted a plea of guilty and sentenced defendant to five years probation, the first six months thereof to be served in the County Jail. The court at that time cautioned defendant regarding the use or possession of firearms and stated explicitly that she was not to possess or use any. On February 6, 1970 the defendant was involved in another shooting which resulted in the death of one Gould. She was again charged with shooting which resulted in death. At a preliminary hearing on February 18, 1970 she was discharged, the court holding that no probable cause had been shown. On the day prior to the hearing the Probation Department obtained a warrant for defendant's arrest for violation of the conditions of probation imposed in the first case. Defendant was notified that a hearing would be held on February 25, 1970, on the rule to show cause why probation should not be terminated on the ground that she had been involved in a shooting. At the hearing the court heard evidence which established that defendant had violated the condition of probation prohibiting her from using or possessing firearms. The probation was revoked and defendant was sentenced to the original five year term at Dwight Penitentiary.
With respect to the second shooting, it appears that on February 6, 1970 at 3:30 A.M. the police were summoned to investigate a shooting at the Envoy Motel in Oak Lawn. The victim, who had been shot from behind, was lying face down. Only the defendant and the victim were present at the time of the shooting. Defendant testified that the victim was showing her how to use the gun when she shot him. These facts were contained in a probation memorandum that was admitted into evidence without objection at the hearing.
Defendant's contention is that the State did not fulfill its burden of proof by showing by a preponderance of the evidence that a violation of probation had occurred. This contention was not raised at the hearing. Both the defendant and her court appointed attorney were present at that hearing and it was the defense attorney who tendered the probation memorandum to the court. Further the record shows no objection at the hearing to any of the facts presented by the State's Attorney or to the quantum of evidence used to sustain the burden of proof.
 1 The actual procedure for revoking probation contemplates three requirements. The procedure must establish that the defendant has been *360 given notice and a copy of the charge, that he has had an opportunity to be heard and that a conscientious judicial determination has been made in accord with procedural methods which include the right to counsel and a reasonable time to prepare a defense. People v. Walker, 122 Ill. App.2d 461, 259 N.E.2d 304.
In the case now before us the defendant has admitted handling the gun and defense counsel has admitted that the defendant had possession of the gun. Defendant claims that she was merely showing the gun to a prospective purchaser. According to the probation report tendered to the court by defendant, the victim was shot from behind and only he and the defendant were present in the room.
 2-4 Defendant had been placed on probation in connection with the killing of one man with a gun. In spite of the fact that she was specifically cautioned regarding the use or possession of firearms, she undertook a commercial interest in the sale of a firearm. An absolute condition of any probation is that the probationer not violate any penal statute or ordinance of any jurisdiction. The possession of a firearm within five years of conviction of a felony constitutes such a violation. (Ill. Rev. Stat. 1969, ch. 38, par. 24-3.1.) The evidence clearly established the violation of probation and the order is accordingly affirmed.
Judgment affirmed.
LEIGHTON, P.J., and STAMOS, J., concur.