THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LEE FELTON, Defendant-Appellant.

First District (3rd Division)    No. 77-1360

Opinion filed March 28, 1979.

Ralph Ruebner and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Pamela L. Gray, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Defendant Lee Felton appeals from a judgment of the circuit court of Cook County revoking his probation and sentencing him to a term of 3 to 9 years. On appeal, the defendant contends that the probation revocation proceeding was deficient because the State failed to offer any evidence on the matters which formed the basis of the revocation petition. We affirm.

On January 19, 1976, defendant was convicted of theft and sentenced to 5 years probation. On April 15, 1976, the State filed a petition to revoke his probation alleging that the defendant violated the conditions. The petition states the following grounds:

"He has never reported to his probation officer as ordered by rule of the court.

Also, in that on March 18, 1976, the defendant as Anthony Anderson, appeared in Branch #64, to answer to the charge of criminal trespass to vehicle, case #76 I 428587-01-02, at which time he plead[ed] guilty and was sentenced to thirty days in the House of Correction, considered served. Date of arrest was February 18, 1976. The defendant has been notified by mail to be present at this court hearing."

At the hearing for revocation of probation, the proceedings commenced as follows:

"THE CLERK: People of the State of Illinois versus Lee Felton.

THE COURT: There will be a finding of guilty on the violation of probation. Do you stipulate that he was the same—

[DEFENSE COUNSEL]: This is the case in which Mr. Felton was put on Judge Bailey's probation on the pending case, but an information was filed against him out in the 6th Municipal District for an auto theft case and there was a jury trial before Judge Sullivan and it comes before this Court after Mr. Felton was, in fact, convicted.

Mr. Felton would be stipulating at this time without actually stipulating to any of the alleged facts in the State's case, that the State could bring in a certified copy of that conviction and that he is the man who was convicted before Judge Sullivan.

THE COURT: Based upon that there is a finding of guilty of the V.O.P. [violation of probation] and the defendant is going to waive his pre-sentence? They had a pre-sentence out in the District, is that correct?

[DEFENSE COUNSEL]: That is correct and he is also on Your Honor's probation."

No evidence other than the stipulation was presented. After a few brief comments, the trial court imposed the sentence of 3 to 9 years to be served concurrently with the sentence received on the auto theft conviction in the Sixth Municipal District.

Defendant admits that the stipulation entered into by his attorney provides that he was convicted of another offense while on probation. But he contends that there is a fatal variance between the allegations in the revocation petition and the stipulation entered into at the hearing. He argues that the State did not prove either the failure to report to his probation officer or the plea of guilty in the criminal trespass to vehicle charge; therefore, the State cannot rely on the jury trial conviction for auto theft to support the revocation. We disagree.

■■ A defendant is entitled to due process of law at a probation revocation hearing. One of the minimum requirements of due process for such a hearing is written notice of the claimed violations of probation.

(*Gagnon v. Scarpelli*, 411 U.S. 778, 786, 36 L. Ed. 2d 656, 664, 93 S. Ct. 1756, 1759 (1973).) Even if there was error in the procedures employed here, we must conclude that such error was harmless under the circumstances of this case and defendant was not denied due process of law.

■■ The defendant chose to voluntarily stipulate to his conviction for auto theft. It is clear from the record that the State was not responsible for raising this ground at the hearing. The prosecutor did nothing to solicit any admissions relative to the auto theft conviction. In view of the stipulation entered into by defense counsel, it cannot be said that the defendant did not know that his conviction of auto theft was being placed in evidence at the hearing and that such conviction was a ground for revocation of his probation. Once a defendant admits the grounds for violation of probation through a stipulation, that admission eliminates the minimal necessity of proof which the State is required to produce, and the defendant cannot claim that justice was denied. *People v. Beard*, 59 Ill. 2d 220, 227, 319 N.E.2d 745, 748 (1974).

An analogous circumstance was considered recently in *People v. Good*, 66 Ill. App. 3d 32, 383 N.E.2d 253 (1978). In *Good*, the State sought to revoke defendant's probation based on a charge of forgery. At the revocation hearing, which was held in conjunction with the preliminary hearing on the forgery charge, the trial court found that probable cause was established on the forgery charge and defendant had violated his probation by committing a deceptive practice. No objection was made to this determination and defendant's probation was revoked. On appeal, defendant in *Good* argued that he had no notice of the charge of deceptive practices which was the basis of the revocation of probation. Although the trial court revoked probation based on an offense which was not included in the revocation petition, the reviewing court concluded that any error was harmless and did not require reversal.

■■ While we do not approve of the procedure used here because the variance should have been cured immediately, we do not find any prejudicial error under the circumstances of this case. Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.