THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CHARLES R. LEE, Defendant-Appellant.

Second District   No. 79-339

Opinion filed September 17, 1980.

Mary Robinson and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant.

Gene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko, Gary J. Anderson, and Karen L. Boyaris, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Charles Lee, appeals from an order revoking his probation, on the ground that he was denied due process of law when the court refused to grant immunity from use, in any criminal prosecution for the underlying offense, of testimony he wished to present at the revocation hearing.

On March 6, 1978, defendant pleaded guilty to a charge of burglary (Ill. Rev. Stat. 1977, ch. 38, par. 19—1) and was sentenced to 36 months' probation, with the first 180 days to be served in the county jail. On December 20, 1978, the State filed a petition to revoke defendant's probation, alleging that defendant had committed the offense of theft. Defendant subsequently filed a motion requesting that the State be required to elect between proceeding on the petition to revoke or proceeding to a criminal trial on the underlying charges, or alternatively, that the State be precluded from using at the criminal trial any testimony presented by defendant at the revocation hearing. The trial court denied

defendant's motion. At the revocation hearing, testimony by State witnesses indicated that certain items which had been stolen from their rightful owners had been purchased from defendant by a special agent with the Department of Law Enforcement. Defendant, after answering a few preliminary questions, invoked the fifth amendment and, on the advice of counsel, declined to testify further for the reason that the underlying criminal charges forming the basis for the revocation petition were still pending. The court revoked defendant's probation and, subsequent to a presentence investigation, sentenced defendant to 1½ years at the Fox Valley Work Release Center. This appeal followed.

Defendant's sole contention on appeal is that the choice presented him, between remaining silent at his revocation hearing or testifying in mitigation with the risk that potentially self-incriminating statements might be used against him at a later criminal trial on the underlying charges, is fundamentally unfair and violative of due process. He argues that the failure of the trial court to grant him use immunity[1] for this testimony denied him a meaningful opportunity to be heard at the revocation hearing.

Although this particular question has not been decided in Illinois (see *People v. Koba* (1977), 55 Ill. App. 3d 298, 371 N.E.2d 1), defendant points to a recent trend among some State courts to preclude the use of a probationer's testimony at revocation proceedings in a subsequent criminal trial arising out of the same charges. The leading case in this trend is *People v. Coleman* (1975), 13 Cal. 3d 867, 533 P.2d 1024, 120 Cal. Rptr. 384, wherein the California Supreme Court found, in circumstances similar to the case at bar, that the tension created between two competing constitutional rights in such situations is "unnecessarily inconsistent with constitutional values." (*People v. Coleman* (1975), 13 Cal. 3d 867, 872, 533 P.2d 1024, 1030, 120 Cal. Rptr. 384, 390.) The California court therefore fashioned a "judicial rule of evidence" to the effect that, upon timely objection, a probationer's testimony at a revocation proceeding held prior to a criminal trial is inadmissible against the probationer at all subsequent proceedings on the related criminal charges, except for impeachment or rebuttal purposes. The *Coleman* decision has been followed by courts of Rhode Island, Wisconsin, North Dakota, and Michigan, which courts have established either use immunity or exclusionary rules for testimony given by a probationer at a revocation hearing. *State v. DeLomba* (1977),

---

[1] The term "use immunity" generally refers to a court order providing that a witness' testimony, usually of a self-incriminating nature, may not be used as evidence in a subsequent prosecution of that witness. "Transactional immunity," as distinguished from "use immunity," prohibits the subsequent prosecution *itself* as to any matter about which the witness may testify. See *Kastigar v. United States* (1972), 406 U.S. 441, 32 L. Ed. 2d 212, 92 S. Ct. 1653.

117 R.I. 673, 370 A.2d 1273; *State v. Evans* (1977), 77 Wis. 2d 225, 252 N.W.2d 664; *State v. Hass* (N.D. 1978), 268 N.W.2d 456; *People v. Rocha* (1978), 86 Mich. App. 497, 272 N.W.2d 699.

■■ We acknowledge that a meaningful opportunity to be heard is one of the minimum requirements of due process which must be accorded an individual at a probation revocation hearing. (*Morrissey v. Brewer* (1972), 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593.) We are also aware that the privilege against self-incrimination is an equally important constitutional value, and that the policies underlying it may be adversely affected by permitting a probationer's testimony to be used against him at a subsequent criminal trial. (*People v. Coleman.*) However, it is far from clear that we are under any constitutional duty to obviate the tension created by requiring a probationer to choose between these constitutional rights. The California Supreme Court in *Coleman*, and those courts of other States who have established either use immunity or exclusionary rules in situations such as the one presented in this case, have refused to base their decisions on constitutional grounds. Citing *Simmons v. United States* (1968), 390 U.S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967, *McGautha v. California* (1971), 402 U.S. 183, 28 L. Ed. 2d 711, 91 S. Ct. 1454, *Flint v. Mullen* (1st Cir. 1974), 499 F.2d 100, and analogous authority, the court in *Coleman* pointed to the lack of clear guidelines from the Supreme Court or other Federal courts as to the need for accommodation of the constitutional rights of a defendant in concurrent proceedings, and concluded that "clothing our adjudication of the issues before us in constitutional raiment would be not only unwise but also unnecessary." (*People v. Coleman* (1975), 13 Cal. 3d 867, 886, 533 P.2d 1024, 1040, 120 Cal. Rptr. 384, 400.) See also *Brooks v. Tennessee* (1972), 406 U.S. 605, 32 L. Ed. 2d 358, 92 S. Ct. 1891, and *United States v. Brugger* (7th Cir. 1977), 549 F.2d 2, *cert. denied* (1977), 431 U.S. 919, 53 L. Ed. 2d 231, 97 S. Ct. 2186.

As we agree that the rule urged by the defendant in the instant case is not clearly constitutionally mandated, any rule adopted by this court would be based on public policy and not on constitutional grounds. Several States facing the issue before us have determined that, absent a constitutional violation, defendants may properly be confronted with the choice of whether or not to testify at probation revocation hearings. (*E.g., Commonwealth v. Kates* (1973), 452 Pa. 102, 305 A.2d 701; *State v. Ryan* (1975), 166 Mont. 419, 533 P.2d 1076.) In *State v. Randall* (1976), 27 Or. App. 869, 557 P.2d 1386, an Oregon appellate court expressly refused to follow *Coleman* and concluded that a defendant's compulsion to testify at a parole hearing is a matter of strategy and not a legal compulsion enforced by sanction if he remains silent. Although the choice may be

difficult, he is not deprived of the free choice to testify and is thus not entitled to the benefits of "use immunity."

In Illinois, while a defendant in a probation revocation proceeding must be afforded an opportunity to be heard (*People v. Morales* (1971), 2 Ill. App. 3d 358, 276 N.E.2d 391), the supreme court has stressed that only the minimum requirements of due process need be applied to such a proceeding. (*People v. Beard* (1974), 59 Ill. 2d 220, 319 N.E.2d 745, *cert. denied* (1975), 421 U.S. 992, 44 L. Ed. 2d 483, 95 S. Ct. 1999.) It has been the consistent policy of this State that a defendant is not entitled, as a matter of right, to have his probation revocation hearing delayed until a trial is held on the underlying criminal offense. (*People v. Smith* (1969), 105 Ill. App. 2d 14, 245 N.E.2d 13.) Specifically, in *People v. Woodall* (1976), 44 Ill. App. 3d 1003, 358 N.E.2d 1267, this court rejected a defendant's contention that the refusal of the trial court to grant a continuance of the revocation proceedings until after the disposition of the underlying Federal charges prevented him from testifying at the revocation hearing. The court cited several Federal and State cases for the proposition that a defendant's privilege of self-incrimination is not compromised by the holding of a probation revocation hearing prior to the trial of the underlying criminal charges.

From our review of Illinois policy as expressed in *Woodall* and other analogous cases, we determine that we are not in a position to decide this issue in favor of the defendant. If such a "use immunity" or "exclusionary" rule is to be adopted in Illinois, in our view it is the supreme court, or the legislature, that should act on such nonconstitutional policy grounds as a duty to insure the "sound administration of justice" in our courts. *People v. Coleman*, 13 Cal. 3d 867, 897, 533 P.2d 1024, 1047, 120 Cal. Rptr. 384, 407.

Moreover, we note that the Illinois Supreme Court has stated that a trial court has no inherent power to grant immunity and may only do so by virtue of statutory authority (*People v. Rockola* (1930), 339 Ill. 474, 171 N.E. 559; *People v. English* (1964), 31 Ill. 2d 301, 201 N.E.2d 455; *In re R.L.W.* (1979), 78 Ill. App. 3d 521, 397 N.E.2d 530). Sections 106—1 and 106—2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, pars. 106—1 and 106—2) encompass the extent of availability immunity in criminal cases, and would be inapplicable here, as they deal with immunity for witnesses rather than defendants. Furthermore, these paragraphs authorize only transactional immunity. (*People ex rel. Cruz v. Fitzgerald* (1977), 66 Ill. 2d 546, 363 N.E.2d 835.) Thus, in the absence of statutory authority, it appears that the trial court in this case had no power to grant the relief requested by defendant. Although defendant argues that where there is a clear denial of due process, a trial court has inherent

power to act, regardless of a lack of statutory authority (*People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244), the circumstances of this case, as discussed above, do not present such a clear deprivation of due process of law.

 For the foregoing reasons, we find that the trial court did not err in refusing to grant defendant immunity from use at a pending criminal trial of the testimony defendant wished to present at his probation revocation hearing. The trial court's judgment is therefore affirmed.

Affirmed.

UNVERZAGT and VAN DEUSEN, JJ., concur.