THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PHILLIP J. FOLLOWELL, Defendant-Appellant.
Fourth District   No. 4—87—0429

Opinion filed December 31, 1987.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield and Frank M. Howard, of Chicago (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

In informations filed in Sangamon County on March 5, 1980, defendant Phillip Followell was charged with two burglaries. Defendant pleaded guilty to the charges and petitioned for treatment under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1981, ch. 91½, par. 120.1 *et seq.*). On March 13, 1981, the defendant was placed on probation for five years and was placed under the supervision of the Department of Mental Health for drug treatment. A petition to revoke probation for treatment as a drug addict and for resentencing was filed on April 20, 1981. The petition alleged that the defendant had violated the terms of his probation by voluntarily leaving the Lake Villa facility of the Gateway House on April 8, 1981, where he had been placed for drug abuse treatment. A hearing on the petition to revoke probation was not held until November 18, 1986. The following quote is a transcript of the entire probation revocation proceeding:

"THE COURT: Show present in court in person the defendant accompanied by Attorney Harvatin, and the People represented by Assistant State's Attorney Michelich. Cause called in connection with the following by the State of a petition to revoke probation in each of these cases, is that correct?

STATE'S ATTORNEY: That is correct, Your Honor. The defendant was granted probation for purposes of treatment as a drug addict by Judge Bean in 1981.

THE COURT: All right, and has the defense had an opportunity to examine the contents of the petition?

DEFENSE COUNSEL: Yes, Your Honor, we have.

THE COURT: What is the defense's position in connection with the petition?

DEFENSE COUNSEL: We would accept the petition as well taken.

THE COURT: Confess the contents of it?

DEFENSE COUNSEL: Yes.

THE COURT: Mr. Followell, do you understand that if you confess the petition, it's the same thing as pleading guilty to the charges in the petition?

DEFENDANT: Yes.

THE COURT: And is that your wish to confess the petition that has been filed in these cases?

DEFENDANT: Yes, sir.

THE COURT: The matter is referred to the Sangamon County probation department for presentence investigation and report, and sentencing hearing about thirty days ***."

On appeal, defendant contends that the trial court's order revoking his probation must be reversed because the trial court denied defendant basic due process safeguards prior to accepting his admission to the allegations of the petition to revoke probation. We agree with defendant's contention.

As the Illinois Supreme Court stated in *People v. Pier* (1972), 51 Ill. 2d 96, 99-100, 281 N.E.2d 289, 291:

"The consequences of a determination that the probation order has been violated are so serious that the appellate courts have surrounded the defendant at a revocation hearing with many of the same due-process safeguards that are accorded to a defendant at a trial to determine his guilt. (See *People v. Price* (1960), 24 Ill. App. 2d 364; *People v. Coffman* (1967), 83 Ill. App. 2d 272; *People v. Arroyo* (1969), 112 Ill. App. 2d 480; *People v. Young* (1970), 125 Ill. App. 2d 154.) Since the results of a probation revocation may be a deprivation of liberty and, consequently, as serious as the original determination of guilt, we agree with the holdings of these cases that due process of law requires that a defendant charged with having violated his probation be entitled to a conscientious judicial determination of the charge according to accepted and well recognized procedural methods. (See ABA Project On Standards For Criminal Justice, Standards Relating To Probation, Tentative Draft, 1970, Section 5.4 and 5.4(a).) He is not, however, entitled to a jury trial. (*People v. Tempel* [(1971), 131 Ill. App. 2d 955,] 268 N.E.2d 875.) He is entitled to counsel. (*People v. Price*; *People v. Coffman*; *Mempa v. Rhay* (1967), 389 U.S. 128, 19 L. Ed. 2d 336, 88 S. Ct. 254.) Justice demands that he also be entitled to

the protection of the same due-process requirements which pertain to pleas of guilty when he waives his right to a judicial determination of the charge that he violated his probation and confesses or admits the charges of the revocation petition."

■ Although the trial court need not give all of the admonitions contained in Supreme Court Rule 402 (107 Ill. 2d R. 402) prior to accepting an admission to a petition to revoke probation (*People v. Beard* (1974), 59 Ill. 2d 220, 319 N.E.2d 745, *cert. denied* (1975), 421 U.S. 992, 44 L. Ed. 2d 483, 95 S. Ct. 1999), we believe that in order to protect a defendant's due process rights, and to make a conscientious judicial determination of the charge, the court must at least determine that the defendant knows what the specific allegations in the petition are, that he knows that he has a right to a hearing with counsel present, that he is not making the admission on the basis of any promises or coercion, and that he understands the consequences of his admission.

■ We are convinced that the hearing in this cause, wherein the trial court made only cursory remarks and defendant only uttered three words, did not afford defendant the due process rights that he was entitled to upon revocation of probation. It had been five years since the revocation petition was filed. There was no questioning of defendant to determine whether he had read the charge and knew what specific allegations had been made, nor was there any determination made by the court that the defendant knew he had a right to a hearing wherein the State had to prove the allegations by a preponderance of the evidence. While the court asked the defendant if he wished to "confess" to the petition, the court did not inquire of the defendant as to whether his desire to admit was based on promises made to him by the State or by his own attorney, or upon coercion. Furthermore, the court did not determine that the defendant understood the consequences of his admission.

For the reasons stated herein, the order of the circuit court revoking defendant's probation is hereby reversed, and the cause is remanded for a new hearing on the petition to revoke probation.

Reversed and remanded.

GREEN, P.J., and KNECHT, J., concur.