THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LEONARD COX, Defendant-Appellant.

First District (1st Division)   No. 1—87—2849

Opinion filed March 30, 1990.

MANNING, J., dissenting.

Randolph N. Stone, Public Defender, of Chicago (Gregory R. Koster and Alison Edwards, Assistant Public Defenders, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Jean T. McGuire, Special Assistant State's Attorney, and Inge Fryklund and James E. Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

This appeal arises from an order of the circuit court of Cook County revoking the probation of Leonard Cox (defendant) and sentencing him to six years' imprisonment and two years' mandatory supervised release. Defendant's sentence was imposed following a stipulated probation revocation hearing. The sole issue presented for our review is whether defendant has been denied due process of law, where the trial court did not admonish defendant of his right to a hearing or establish that defendant voluntarily stipulated to certain facts or understood the consequences of his stipulation. For the reasons set forth below, we affirm.

In August 1985, defendant was charged by indictment for the burglary of Kahlil Mohmoud's store located at 5959 South State Street in Chicago, Illinois, on or about July 21, 1985. On December 12, 1986, defendant entered a negotiated plea of guilty to the charge and was subsequently sentenced to 48 months' probation, with the following conditions: (1) participation in the Safer Basic Skills Program; (2) one-year home confinement seven days a week from 7 p.m. to 7 a.m.; and (3) one year's periodic imprisonment, stayed pending the outcome of

defendant's home confinement and participation in the Safer Program.

On March 31, 1987, the State filed a petition to vacate defendant's probation, based upon defendant's failure to enter the Safer Program. After finding that defendant violated his probation, the trial court resentenced defendant to 48 months' probation, one-year periodic imprisonment, one-year home confinement, beginning May 27, 1987, and immediate enrollment in a GED program.

On June 25, 1987, the State filed a second petition to vacate defendant's probation, alleging that defendant had violated the terms of his home confinement. Defendant failed to appear for the hearing, and the court issued an arrest warrant.

On August 31, 1987, defendant, represented by counsel, proceeded to a stipulated hearing on the violation of probation charge. The stipulation indicated that if called to testify, defendant's probation officer would state that defendant did not receive the telephone calls the officer made to defendant's home on June 6, 1987, at 8:15 p.m. and 8:10 p.m. on June 23, 1987. Defendant presented no evidence as to the allegations contained in the violation of probation petition.

The trial court entered a finding of guilty on the violation of probation charge and proceeded to a hearing in aggravation and mitigation. Defendant waived his right to a presentence investigation report and presented no evidence in mitigation of the violation. The State relied solely upon aggravating factors presented during an in-chambers conference[1] and in the pretrial report. Subsequently, the trial court sentenced defendant to six years' imprisonment.

On appeal, defendant asserts that the consequences of a determination that a probation order has been violated are so serious that a defendant is entitled to many of the same due process safeguards accorded to a defendant at a trial to determine his guilt. Defendant contends that the trial court's order revoking his probation must be reversed because the stipulation presented during the probation revocation hearing was tantamount to a guilty plea pursuant to Supreme Court Rule 402 (107 Ill. 2d R. 402) and the court failed to provide defendant with the basic constitutional due process safeguards outlined in Rule 402. Specifically, defendant asserts that the trial court failed to minimally determine whether: (1) defendant knew the specific allegations in the petition; (2) defendant was aware of his right to a hearing with counsel present; (3) defendant's admission was not based on any promises or coercion; and (4) defendant understood

---

[1]The record is silent regarding the circumstances of the in-chambers conference.

the consequences of his admission. See *People v. Followell* (1987), 165 Ill. App. 3d 28, 518 N.E.2d 706.

██ The State initially responds that defendant has waived review of this issue by failing to object at trial or in a written post-trial motion. (See *People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) The State argues that defendant was represented by counsel during the hearing, and thus, should not now be allowed to circumvent the waiver rule by raising the argument for the first time on appeal. As to the State's waiver argument, we believe it is necessary to determine whether any due process deprivations have occurred here which affect the substantial rights of defendant. We therefore invoke the plain error doctrine. See *Enoch*, 122 Ill. 2d 176, 522 N.E.2d 1124.

██ The State alternatively argues that Rule 402, which prescribes the actions to be taken prior to the trial court's acceptance of a guilty plea, is not applicable to probation revocation proceedings under our supreme court's decisions in *People v. Beard* (1974), 59 Ill. 2d 220, 225-27, 319 N.E.2d 745, 748. It is well established in Illinois that Supreme Court Rule 402 (107 Ill. 2d R. 402) requires that the trial court give admonitions to a defendant who pleads guilty to an offense. Defendant relies on *People v. Pier* (1972), 51 Ill. 2d 96, 281 N.E.2d 289, as establishing these admonitions must also be given in revocation of probations proceedings.

In *Pier*, the defendant, in his post-conviction petition, alleged that his admission of the violation of probation was induced by an unfulfilled promise of the State's Attorney to recommend a different sentence than that imposed. Our supreme court stated that due process of law requires that a defendant charged with violating probation should be entitled to many of the same safeguards accorded to a defendant at a trial to determine his guilt. (*Pier*, 51 Ill. 2d at 99-100, 281 N.E.2d at 291.) It held that where a defendant confesses or admits a charge that he violated his probation in reliance upon an unfulfilled promise by the State's Attorney, such confession or admission of the charge is not voluntary. (*Pier*, 51 Ill. 2d at 100, 281 N.E.2d at 291.) The court further stated that "[j]ustice demands that [a defendant] be entitled to the protection of the same due-process requirements which pertain to pleas of guilty when he waives his right to a judicial determination of the charge that he violated his probation and confesses or admits the charges of the revocation petition." *Pier*, 51 Ill. 2d at 99-100, 281 N.E.2d at 291.

██ Two years later, however, the Illinois Supreme Court, in *People v. Beard* (1974), 59 Ill. 2d 220, 319 N.E.2d 745, clarified *Pier*. The court acknowledged that a probation revocation proceeding was com-

parable to the entry of a guilty plea, but only *"insofar as consideration of the voluntariness of a defendant's admissions made in both instances."* (Emphasis added.) (*Beard,* 59 Ill. 2d at 224, 319 N.E.2d at 747.) It explained that *Pier* "merely expressed the view that due process required that a defendant's admission must be voluntarily made." (*Beard,* 59 Ill. 2d at 225, 319 N.E.2d at 747.) *Beard* did not suggest that due process mandates that all the Rule 402 admonitions be given to a defendant in a probation revocation proceeding. To the contrary, the supreme court stated that an admission of a probation violation is significantly different in nature and effect from what is involved in a plea of guilty to the original charge (*Beard,* 59 Ill. 2d at 226, 319 N.E.2d at 748) and, therefore, found "that Rule 402 is not applicable to probation revocation proceedings." *Beard,* 59 Ill. 2d at 226-27, 319 N.E.2d at 748.

■ Moreover, while a defendant is entitled to due process of law in proceedings to revoke probation (*Gagnon v. Scarpelli* (1973), 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756), there is a qualitative difference between a criminal proceeding and the revocation of probation (*People v. Grayson* (1974), 58 Ill. 2d 260, 264-65, 319 N.E.2d 43, 45). A probation revocation hearing is not a proceeding in which guilt or innocence is to be determined. "It takes place only after the defendant has already been convicted, sentenced to probation, and then has violated the conditions of the probation." *People v. Allegri* (1985), 109 Ill. 2d 309, 313, 487 N.E.2d 606, 607.

■ Cases since *Beard* have determined the question of due process deprivations in probation revocation proceedings on a case-by-case basis, with little or no reference to Rule 402. Courts have determined that a defendant's due process requirements in a probation revocation proceeding are: that the defendant have notice of the alleged violations (*People v. Felton* (1979), 69 Ill. App. 3d 684, 387 N.E.2d 1094), that revocation follows a hearing in which the defendant had an opportunity to be heard, (*People v. Lee* (1980), 88 Ill. App. 3d 396, 410 N.E.2d 646) and that the defendant was permitted to present evidence, confront witnesses, and be represented by counsel (*People v. Cozad* (1987), 158 Ill. App. 3d 664, 511 N.E.2d 211).

■ More recently, our supreme court has determined that due process requires a fair determination that the acts which formed the basis for the revocation petition did occur and that fairness be accorded a defendant during the proceedings. (*Allegri,* 109 Ill. 2d 309, 487 N.E.2d 606.) It has been reiterated by the courts, however, that a defendant at a probation revocation proceeding is not afforded the same protections afforded a defendant initially standing trial for the

substantive offense. *Allegri*, 109 Ill. 2d at 313-14, 487 N.E.2d at 607; see also *Gagnon*, 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756; *People v. Hall* (1985), 134 Ill. App. 3d 836, 480 N.E.2d 1387.

Defendant relies heavily upon *People v. Followell* (1987), 165 Ill. App. 3d 28, 518 N.E.2d 706, as analogous to the case here. Because the facts in *Followell* are diverse from the facts at bar, we find defendant's argument to be unpersuasive.

The *Followell* court held that the defendant should have been admonished as to the specific allegations in the probation revocation petition, his right to a hearing with counsel present, his voluntariness in making the admission, and his understanding of the consequences of the admission, where he confessed to the contents of the probation revocation petition. (*Followell*, 165 Ill. App. 3d 28, 518 N.E.2d 706.) In *Followell*, five years had passed since the revocation petition had been filed and the defendant uttered only three words at the hearing. He had been placed under supervision for drug treatment, and the reviewing court was uncertain whether the defendant had been coerced to "confess" to the contents of the petition, whether he was aware of the allegations against him or whether he understood the consequences of his admission.

Unlike the defendants in *Followell* and *Pier*, defendant's stipulation here was not tantamount to a guilty plea. Defendant here merely stipulated to what his probation officer would testify and not to guilt. *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760, also relied upon by defendant, does not dictate a different result. *Smith* involves a stipulated bench trial where defendant stipulated to the evidence and the outcome. Here, defendant only stipulated to the evidence which would be presented in the event the probation officer testified. There was no stipulation as to the outcome of the court's determination. Moreover, we find that the circumstances surrounding each of the probation revocation proceedings demonstrated both that defendant understood the terms of his probation and the consequences of his failure to comply with those terms. Defendant had been before the same judge in an earlier probation revocation proceeding and had been placed, and remained, in custody following the filing of the first petition to revoke probation and the sentencing hearing on that charge.

In addition, during the first probation revocation hearing, defendant was admonished by the trial judge, told that this would be his last chance, and asked if he understood the consequences for failure to abide by the probation terms. Furthermore, similar to *Beard*, in the instant case, there has never been a challenge to the conviction for

which defendant was granted probation, and the trial court, at the time the guilty plea was entered, properly admonished defendant of his rights. In conclusion, we find that defendant was afforded due process of law during the revocation proceedings.

Accordingly, for the reasons set forth above, we affirm the decision of the circuit court of Cook County.

Affirmed.

O'CONNOR, J., concurs.

JUSTICE MANNING, dissenting:

I must respectfully dissent from the majority's opinion in this case. I would reverse the trial court's judgment and remand the cause with directions.

First, in response to the State's argument that defendant has waived this issue on appeal, I agree with the majority that it is necessary to determine whether any due process deprivations have occurred which affect the substantial rights of the defendant and merit invocation of the plain error doctrine. In this regard, I likewise have reviewed the record. However, my examination of the record leads me to resolve that the defendant here was denied his constitutional right of due process of law to receive a fair hearing. I base this conclusion upon the minimum requirements of due process of law to be accorded a defendant in general, and in particular, our supreme court's holding in *People v. Pier* (1972), 51 Ill. 2d 96, 281 N.E.2d 289, which determined that a defendant in a probation revocation proceeding is entitled to minimum due process protections. Further, I believe that the applicable statutory requirements, which were enacted to insure the rights of a defendant to a fair and meaningful revocation hearing (see Ill. Rev. Stat. 1983, ch. 38, pars. 1005—6—4(b), (c)), were not adhered to in the present case. I, therefore, would invoke the plain error doctrine (see *People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124) and reverse this cause for the reasons as more fully set forth below.

Much discussion centers on *People v. Pier*, a 1972 supreme court case which primarily involves the question whether the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*) is applicable to the review of probation revocation proceedings. The court there determined that the defendant should have been given the opportunity to raise questions of errors in the post-conviction hearing which allegedly occurred during his hearing to revoke probation.

The defendant had been convicted of burglary and placed on pro-

bation. He then was charged with a violation of probation. During the hearing on the charge, defendant admitted the violation and was sentenced to prison. In the post-conviction petition, defendant contended that his admission to the violation of probation was induced by an unfulfilled promise of the assistant State's Attorney to recommend a different sentence than that imposed. The supreme court agreed with the defendant and concluded that "due process of law requires that a defendant charged with having violated his probation be entitled to a conscientious judicial determination of the charge." *Pier*, 51 Ill. 2d at 100.

Two years later in *People v. Beard* (1974), 59 Ill. 2d 220, 319 N.E.2d 745, a consolidated appeal, our supreme court commented that *People v. Pier* did not consider the applicability of Supreme Court Rule 402 (107 Ill. 2d R. 402) upon probation revocation proceedings. As noted by the majority, the court there distinguished its factual matrix from *People v. Pier* and concluded that Rule 402 admonitions did not apply to probation revocation proceedings. Thus, the majority here agrees with the State's argument that this court must deny defendant relief because of the *People v. Beard* decision. Although I disagree with this conclusion, my dissent today is in no way meant as a detraction from the ruling in *People v. Beard*. I am fully aware that Supreme Court Rule 402 admonishments concern the requirements a trial court must substantially comply within *hearings on "pleas of guilty,"* while the instant matter concerns the requirements applicable in *probation revocation hearings.* (Emphasis added.)

My major point of contention commences with the supposition that all defendants are entitled to a minimum degree of due process of law in court proceedings and concludes with the belief that defendant here was denied that *minimum* degree of due process of law during his second probation revocation hearing.

Although *People v. Beard* concluded that both defendants Beard and Blake had been afforded due process of law during their respective probation revocation hearings, the court in citing to the supreme court decision in *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756, noted that " 'minimum requirements' of due process" and "fairness" should be applied to probation revocation proceedings. (*Beard*, 59 Ill. 2d at 225.) In *Gagnon v. Scarpelli*, the court held that due process entitles a probationer to written notice of the alleged violation, to disclosure of the evidence against him, the opportunity to be heard in person and to present evidence, to confront and cross-examine witnesses, and, in some instances, to receive the assistance of counsel. *Gagnon*, 411 U.S. at 782, 786, 788, 36 L. Ed. 2d

at 661-62, 664, 665, 93 S. Ct. at 1759-60, 1761-62, 1762-63.

Similarly, courts in Illinois have long recognized that the Constitution requires that due process be accorded a defendant during a probation revocation proceeding. (See *Pier*, 51 Ill. 2d at 96; *People v. Coffman* (1967), 83 Ill. App. 2d 272, 227 N.E.2d 108. See also *People v. Baker* (1982), 92 Ill. 2d 85, 440 N.E.2d 856; *People v. Followell* (1987), 165 Ill. App. 3d 28, 518 N.E.2d 706; *People v. Houston* (1986), 146 Ill. App. 3d 982, 497 N.E.2d 784; *People v. Allegri* (1984), 83 Ill. App. 3d 1041, 469 N.E.2d 1126, *aff'd* (1985), 109 Ill. 2d 309, 487 N.E.2d 606; *People v. Lee* (1980), 88 Ill. App. 3d 396, 410 N.E.2d 646; *People v. Seymour* (1977), 53 Ill. App. 3d 367, 369, 368 N.E.2d 1018; *People v. Bell* (1977), 50 Ill. App. 3d 82, 365 N.E.2d 203; *People v. Lewis* (1975), 28 Ill. App. 3d 777, 779-80, 329 N.E.2d 390; *People v. Bryan* (1972), 5 Ill. App. 3d 1006, 284 N.E.2d 706.) The principle of fairness forms the basis for these decisions. The underlying rationale is that due process of law mandates fairness to a defendant because the outcome of a revocation proceeding could potentially curtail the defendant's liberty.

Moreover, section 5—6—4(b) and (c) of the Unified Code of Corrections, which govern violation, modification or revocation of probation, prescribe in pertinent part: (1) that the trial "court shall conduct a hearing of the alleged violation"; (2) that the "State has the burden of going forward with the evidence and proving the violation by the preponderance of the evidence"; and (3) that the "evidence shall be presented in open court" wherein the defendant has the "right of confrontation, cross-examination, and representation by counsel." See Ill. Rev. Stat. 1983, ch. 38, pars. 1005—6—4(b), (c).

In the case at bar, the petition to revoke probation charged defendant with violating the terms of his home confinement. The defendant's counsel was present during the scheduled hearing on June 25, 1987; however, in the defendant's absence, a warrant was issued for his arrest and the matter was continued for hearing until August 31, 1987. On August 31, the State merely presented evidence before the court in the form of the stipulation of facts of the probation officer. The record reflects that there was no further mention of the charges against the defendant. Neither did the trial court advise him of the State's burden to produce evidence and to prove the allegations of the violation by a preponderance of the evidence. Defense counsel made no averrments to the court as to whether or not he had advised the defendant. Nor did the trial court advise defendant of his right to a hearing on the charge, or his right to confrontation, cross-examination and counsel. The record further reveals that defendant presented

no evidence on his own behalf. His counsel made no representations whatsoever, and unlike the first revocation proceeding before the same judge, the trial court was likewise silent.

I believe that under the factual circumstances of the instant case, where the trial court failed to admonish the defendant of his inherent constitutional and statutory rights in a probation revocation proceeding, when coupled with the stipulation of facts and lack of defense on behalf of the defendant, serious due process deprivations have occurred which affect the substantial rights of the defendant and amount to grave and reversible error. Hence, I believe that it is appropriate to invoke the plain error exception to the waiver rule (see generally *Enoch*, 122 Ill. 2d 176), and remand this cause in light thereof.

Further, under the facts here presented, I believe that minimum requirements of due process of law dictate that the defendant should have been advised of his rights in a probation revocation proceeding. I am uncertain whether defendant was aware of the allegations against him, whether he understood what constitutes a stipulation of fact or what the consequences would be under circumstances wherein the stipulation was admitted into court and he presented no evidence to explain or contradict the stipulation. I would conclude that there was no meaningful hearing within the context of section 5—6—4, notwithstanding the presence of counsel. The defendant did not testify in his own behalf. There were no witnesses or cross-examination. Once the stipulation of fact was admitted in evidence, there was no challenge by defendant to rebut or explain the purported probation violation. The record is silent as to any comment by the trial judge. Section 5—6—4 prescribes the proper procedures to be followed, and I believe that the spirit of the provision was not adhered to in the instant case.

The State points to the fact that the defendant had been before the same judge in an earlier probation revocation proceeding at which time the judge admonished him of the consequences of his actions in the event he committed another probation violation. However, I believe this prior warning was insufficient to properly advise the defendant of his rights in the second probation revocation proceeding. I believe that under such circumstances, minimum requirements of due process of law require new and additional advice at each subsequent probation revocation proceeding. The State is required to file a new petition each time there is an allegation of a violation of probation. The defendant is required to present himself before the court to answer the charges against him in each instance a new petition is filed or face arrest. At the very least, the defendant

should have been told by the trial court of the allegations against him, the consequences of the stipulation at the point in time he offered no defense and of his statutory rights in a probation revocation proceeding under the code.

Hence, I would find that fairness and substantial justice mandate that a defendant who may be giving up his rights to liberty must be affirmatively admonished *at the time he proposes to give up those rights*. (See *Lewis*, 28 Ill. App. 3d 777.) He must be told that he has a right to be heard in his defense, to cross-examine witnesses and to confront them. Having concluded that the defendant here was deprived of due process of law without any advice by the trial court prior to the court's revocation of probation, I would reverse the ruling of the circuit court.

This dissent in no way is meant to change the status of the law applicable to trial court decisions involving revocation of probation rulings. The question of probation is a matter within the sound discretion of the trial judge (*People v. Crowell* (1973), 53 Ill. 2d 447, 292 N.E.2d 721), and ordinarily a reviewing court will not disturb the trial court's order unless there is a finding of an abuse of that discretion (*People v. White* (1975), 33 Ill. App. 3d 523, 338 N.E.2d 81) and a finding that the order is against the manifest weight of the evidence. (*People v. Houston* (1987), 118 Ill. 2d 194, 199-200, 514 N.E.2d 989.) Thus, I pass no judgment on the trial court's finding as to whether a violation of probation occurred which would authorize it to revoke the defendant's probation. To the contrary, my dissent strictly addresses the issue of the constitutional safeguards and statutory protections to be accorded a defendant in a probation revocation proceeding.

Accordingly, for the reasons as set forth above, I would reverse the decision of the circuit court and remand for a new proceeding consistent with this opinion.