THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TELESFORD ACEVEDO, Defendant-Appellant.

First District (4th Division)   No. 1—89—1443

Opinion filed June 27, 1991.

Michael J. Pelletier and Leslie Wallin, both of State Appellate Defender's Office, of Chicago, for appellant.

John O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Joseph Brent, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

Following a stipulated probation revocation hearing in the circuit court of Cook County, the trial judge revoked the probation of defendant, Telesford Acevedo. The trial court sentenced defendant to a prison term of seven years on a burglary conviction and a concurrent term of five years on a violation of bail bond conviction.

Defendant appeals, contending: (1) the probation revocation hearing deprived him of due process of law; (2) the trial court erred by sentencing him without a new presentence report; and (3) his prison sentence on the violation of bail bond must be vacated.

We affirm in part and vacate in part.

BACKGROUND

The record contains the following undisputed facts. In October 1980, defendant was charged with burglary and he posted bail. On May 14, 1981, defendant failed to appear in court and also failed to

surrender himself within the following 30 days. In June 1982, defendant was indicted for violating his bail bond.

On April 19, 1984, a hearing was held at which defendant was present. The trial judge explained to defendant the nature and subject matter of a pretrial conference. Defendant then authorized the State, his defense counsel, a representative of the TASC (Treatment Alternative to Street Crime) program, and the trial judge to hold a conference. At the close of the conference, defendant and the State entered into a negotiated plea agreement.

The trial judge informed defendant that he must successfully complete the TASC program to complete his probation. In other words, his failure to successfully complete the TASC program would constitute grounds for revoking probation. The trial judge advised defendant of his rights, such as the right to trial by jury and the right to confront and present witnesses. The trial judge also informed defendant that he could receive a prison sentence of between three and seven years for the burglary charge and a sentence of between two and five years for the violation of bail bond charge.

Pursuant to the plea agreement, and after the trial judge notified defendant of the consequences of his actions, defendant pled guilty to the charges of burglary and violation of bail bond. After reviewing a presentence report and a TASC report, and hearing argument, the trial court found that defendant was a drug addict. Further, defendant committed his past crimes, mostly burglaries and thefts, to support his addiction. The court also found that defendant wished to cure himself of his addiction and that he was eligible for the TASC program. The court then sentenced defendant pursuant to the plea agreement. On the burglary conviction, the court sentenced defendant to probation for a term of four years. The first six months of the probation term would be served in Cook County jail, followed by long-term residential treatment in the TASC program. On the violation of bail bond conviction, the court sentenced defendant to a concurrent probation term of 30 months. The trial judge informed defendant that if he violated probation, he would be sentenced to a prison term of five years.

In August 1984, October 1985, and September 1986, the State charged that defendant violated probation. In each case the trial court recommitted defendant to probation.

In October 1987, the State filed the petition for violation of probation from which this appeal arises. The State alleged that defendant failed to report to his probation officer, committed the offense of possessing a hypodermic, and failed to successfully complete the TASC

program. On January 27, 1988, the trial court held a probation revocation hearing. The trial judge explained to defendant the nature and subject matter of a prehearing conference. Defendant then authorized his counsel, his probation officer, the State and the court to hold a conference. The trial judge again specifically advised defendant that if defendant were found guilty of violating his probation, he could be sentenced to a prison term of three to seven years on the burglary conviction and another term of two to five years on the violation of bail bond conviction; also, the sentences could run consecutively.

Immediately following the prehearing conference, the State called defendant's probation officer to testify. However, immediately after the witness was sworn, the following colloquy occurred:

"[Defense counsel]: Excuse me one second, Judge.

(Brief pause.)

Judge, after explaining to Mr. Acevedo once again what's involved with violations—

You want to plead guilty to the violation and take the seven years?

(Brief pause.)

THE COURT: We'll have a hearing. If Mr. Acevedo does not want to agree to the violation of probation, we'll have a hearing. I'm not going to force him into doing anything."

The trial judge then repeated the charges against defendant in the State's petition for violation of probation. The trial judge continued:

"THE COURT: Those are the charges that have been leveled against you in connection with each of these violations of probation.

If you admit to those violations, I would find you in violation of the terms and conditions of your probation and I would sentence you on the residential burglary to seven years; to five years on the violation of bail bond; and, I would have both of them served concurrently. You have heard what the conference results are.

Do you admit to those violations of probation?

THE DEFENDANT: Guess so, yeah.

THE COURT: Let the record indicate that in my opinion Mr. Acevedo has admitted, after being admonished as to the consequences, I find that the defendant has in fact violated the terms and conditions of his probation by failing to report and that's the basis for it."

Turning to the sentence, the court heard argument in aggravation and mitigation. The trial judge considered the existing presentence report sufficient and, therefore, did not order a new presentence investigation. In addition to the argument of defense counsel, the trial judge afforded defendant the opportunity to make a statement. At the close of the hearing, the trial judge sentenced defendant to a prison term of seven years on the burglary conviction and a concurrent term of five years on the violation of bail bond conviction. Defendant appeals.

OPINION

### I

Defendant first claims that the probation revocation hearing denied him due process of law.

### A

■ As its initial response, the State argues that defendant waived this issue for review by failing to object at the hearing or in a post-hearing motion. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130.) However, Supreme Court Rule 615(a) provides an exception to the waiver rule where there has been "plain error." (134 Ill. 2d R. 615(a).) Under this rule, we may elect to consider errors that have not been properly preserved for review where those errors affect substantial rights. *People v. Brantley* (1976), 43 Ill. App. 3d 616, 617-18, 357 N.E.2d 105, 107.

■ In the case at bar, defendant alleges due process deprivations that affect his fundamental right to liberty. This court, as a result, has elected to review such alleged errors under Rule 615(a). 134 Ill. 2d R. 615(a); *People v. Cox* (1990), 197 Ill. App. 3d 239, 241-42, 554 N.E.2d 360, 362.

### B

■ Of course, a probationer is entitled to due process of law at a probation revocation hearing. However, it is well established that only "minimum requirements" of due process need be applied at a probation revocation hearing. (*People v. Beard* (1974), 59 Ill. 2d 220, 225, 319 N.E.2d 745, 747; *People v. Kaminski* (1975), 30 Ill. App. 3d 180, 182, 332 N.E.2d 182, 184.) This rule is based on the qualitative difference between a criminal prosecution and the revocation of probation. Guilt or innocence is not determined at a probation revocation hearing. Rather, the proceeding takes place only after the probationer has

already been convicted, sentenced to probation, and then is charged with violating the conditions of his probation. *Cox*, 197 Ill. App. 3d at 243, 554 N.E.2d at 363, citing *People v. Allegri* (1985), 109 Ill. 2d 309, 313, 487 N.E.2d 606, 607.

■ Defendant contends that due process required the trial court, at a minimum, to establish a factual basis for his violation of probation, to admonish him of his right to a hearing, and to determine that his admission was not the result of promises or coercion. We disagree. These due process safeguards are required by Supreme Court Rule 402 when a criminal defendant pleads guilty at trial. (134 Ill. 2d R. 402.) However, Rule 402 requirements were formulated to ensure the entry of proper guilty pleas at trial. Since a probation revocation qualitatively differs from a criminal conviction, Rule 402 does not apply to probation revocation hearings. *Beard*, 59 Ill. 2d at 226-27, 319 N.E.2d at 748; *Cox*, 197 Ill. App. 3d at 243, 554 N.E.2d at 363.

■ Due process at a probation revocation hearing does require that the probationer have notice of the alleged violations, and that revocation follows a hearing at which the probationer had an opportunity to be heard, present evidence, confront witnesses, and be represented by counsel. These requirements all boil down to fairness. In other words, "due process requires a fair determination that the acts which formed the basis for the revocation petition did occur and that fairness be accorded a defendant during the proceedings." *Cox*, 197 Ill. App. 3d at 243, 554 N.E.2d at 363 (and cases cited therein).

■ Applying these principles to the case at bar, we conclude that defendant's probation revocation hearing was fundamentally fair. Defendant was represented by counsel and had notice of the alleged violations. Defendant knowingly and intelligently authorized the prehearing conference. At the close of the conference, defendant had the opportunity to have a contested hearing. Indeed, the record shows that he was in the midst of a contested hearing when he agreed to stipulate. Further, defendant stipulated only to the evidence that his probation officer would present. He did not stipulate as to the outcome of the court's determination. This distinguishes the case at bar from *People v. Followell* (1987), 165 Ill. App. 3d 28, 518 N.E.2d 706, upon which defendant relies.

Defendant contends that he was denied due process of law also because the trial court predetermined his sentence if his probation were revoked. Defendant refers to the several instances in the record where the trial judge advised defendant that if he violated probation, he would receive a prison sentence of either five or seven years. These instances date back to when the trial judge first sentenced

defendant to probation. Defendant argues that "the sentencing hearing following revocation of probation was a sham, for the judge had long before decided what sentence he would impose, even though at the time he decided upon the sentence he had no idea what the nature of the probation violation might be, and had heard no evidence or argument in mitigation."

■ We cannot accept this contention. It is well settled that the sentence imposed upon revocation of probation is for the original crime; it is not punishment for the conduct that led to the revocation proceedings. Thus, once probation is revoked, the trial court may sentence the defendant to any disposition that would have been appropriate for the original offense. *People v. Newell* (1982), 105 Ill. App. 3d 330, 334-35, 434 N.E.2d 349, 353-54.

■ This case is distinguishable from *People v. Harris* (1985), 105 Ill. 2d 290, 473 N.E.2d 1291, upon which defendant relies. In each of the two probation revocation hearings reviewed in *Harris*, the trial court sentenced the defendant without the benefit of a presentence report and without knowledge of the facts surrounding the violation. (105 Ill. 2d at 294-96, 473 N.E.2d at 1293-94.) In the case at bar, however, the trial judge sentenced defendant after reviewing a pre-sentence report, hearing argument, and affording defendant an opportunity to make a statement. We hold that defendant received due process of law at the probation revocation hearing.

## II

Defendant next claims that the trial court erred by sentencing him without a new presentence report. He argues that the four-year-old original report was too old to be the basis of a meaningful sentence.

■ We initially note that defendant failed to object to the use of the original report in lieu of a new one. Additionally, defendant failed to raise this issue by motion following the sentencing. Thus, defendant has waived this issue for review. *People v. Moore* (1987), 159 Ill. App. 3d 1070, 1075, 513 N.E.2d 87, 91; *People v. Burba* (1985), 134 Ill. App. 3d 228, 238, 479 N.E.2d 936, 943.

■ Even if the issue is not waived, the record shows that the trial court considered current information to make a meaningful sentence. The trial judge was familiar with defendant's case based on several prior proceedings. Additionally, the trial judge heard defense counsel's argument in mitigation and afforded defendant an opportunity to provide further mitigating information through his own statement. (See *People v. Torres* (1986), 146 Ill. App. 3d 250, 255, 496

N.E.2d 1060, 1063 (and cases cited therein).) We hold that the trial judge did not err in failing to order a new presentence report specifically for this case.

### III

Defendant lastly claims that the trial court's revocation of probation and five-year prison sentence on the violation of bail bond conviction must be vacated. He notes that the court imposed the 30-month probation term on April 19, 1984. The term expired on October 19, 1986. Further, the court revoked probation and imposed the prison sentence on January 27, 1988, long after the 30-month probation term expired. Defendant argues that, as a result, the trial court lacked jurisdiction to revoke probation and sentence him on the violation of bail bond conviction.

■■ The State agrees with defendant that the revocation of probation and the imposition of the concurrent five-year prison sentence on the violation of bail bond conviction was error. (See *People v. Martinez* (1986), 150 Ill. App. 3d 516, 501 N.E.2d 1003.) Therefore, we vacate the revocation of probation and five-year prison sentence on the violation of bail bond conviction. (134 Ill. 2d R. 615(b).) What remains is the court's revocation of probation and seven-year prison sentence on the burglary conviction.

■■ We further note that we need not remand the cause for resentencing. The trial court sentenced defendant separately on each conviction, and the record does not otherwise show that the trial court considered the vacated finding and sentence in finding a violation of probation and sentencing defendant to a seven-year prison term on the burglary conviction. See *People v. Fosdick* (1988), 166 Ill. App. 3d 491, 501, 519 N.E.2d 1102, 1110.

For the foregoing reasons, the judgment of the circuit court of Cook County, which revoked defendant's probation and imposed a seven-year prison sentence on his burglary conviction, is affirmed. That part of the judgment which revoked probation and imposed a five-year prison sentence on the violation of bail bond conviction is vacated.

Affirmed in part and vacated in part.

JOHNSON and McMORROW, JJ., concur.